■ HARRY EDELSTEIN et al., Respondents, v MATTHEW T. CROSSON, as Administrative Judge and Chief Administrator of the Courts of the State of New York, et al., Appellants.—In an

action for a judgment declaring that "statutory provisions, effective from October 1, 1978, to the present date, establishing and perpetuating disparate salaries for the Judges of the County Courts of Dutchess, Orange, Rockland, and Westchester Counties to be unconstitutional as violative of the plaintiffs' rights to the equal protection of the laws", the appeals are from an order and judgment (one paper) of the Supreme Court, Westchester County (Levitt, J.), entered August 10, 1990, which granted the plaintiffs' motion for summary judgment, granted the declaratory relief requested, and denied the cross motion of the defendants State of New York and Edward Regan for summary judgment.

Ordered that the order and judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion for summary judgment is denied, the cross motion for summary judgment is granted, and it is declared that the statutory provisions effective from October 1, 1978, to the present date, which established and perpetuated disparate salaries for the Judges of the County Courts of Dutchess, Orange, and Rockland, and the Judges of the County Court of Westchester County, are constitutional and do not violate the plaintiffs' rights to equal protection of the laws.

The six plaintiffs are past and present County Court Judges from Dutchess, Rockland, and Orange Counties. By virtue of a schedule established pursuant to Judiciary Law § 221-d and subsequent legislative enactments, effective from October 1, 1978, to the present date, the plaintiffs receive or received a lower salary than that paid to County Court Judges in Westchester County. In this action, the plaintiffs sought a judgment declaring that the salary schedule in Judiciary Law § 221-d is unconstitutional and violates the plaintiffs' rights to the equal protection of the laws. In addition, the plaintiffs sought injunctive and ancillary monetary relief (i.e., the additional wages they would have received had their salaries equalled the salaries of the Westchester County Court Judges) retroactive to October 1, 1978, with interest. The plaintiffs also sought attorneys' fees pursuant to 42 USC §§ 1983 and 1988.

In support of the plaintiffs' motion for summary judgment, they submitted exhibits and statistics demonstrating the similarity between the case loads of the Westchester County Court Judges and the plaintiffs' case loads. In opposition to the plaintiffs' motion for summary judgment and in support of their cross motion for summary judgment, the defendants

State of New York and Regan submitted exhibits and statistics demonstrating that the population and cost of living in Westchester County is higher than the population and cost of living in the plaintiffs' counties. The court granted summary judgment to the plaintiffs, holding that no rational basis existed for the geographic salary classifications challenged in this action. We disagree and reverse.

In assessing a challenge to the constitutionality of salary disparities among County Court Judges, " 'it is clear that the geographical distinctions created by the [Unified Court Budget Act] must be predicated upon a rational basis to survive an equal protection challenge *(Cass v State of New York,* 58 NY2d 460; *Weissman v Evans,* 56 NY2d 458)' " *(Weissman v Bellacosa,* 129 AD2d 189, 192-193, quoting *Kendall v Evans,* 126 AD2d 703, 704, *affd* 72 NY2d 963). Here, the papers in support of the cross motion demonstrated that the cost of living in Westchester County is much higher than the cost of living in Rockland, Dutchess, and Orange Counties. For example, statistics were submitted which showed that the average residential home in Westchester County sold for $361,094 in late 1987 while the average home in Rockland County sold for $185,000 in 1988, the average home in Dutchess County sold for $149,270 in 1989, and the average home in Orange County sold for $132,050 in late 1987. Likewise, the real estate transfer tax collections and the mortgage tax collections in 1986 to 1987 were higher in Westchester County than the other three counties. Accordingly, because it has been demonstrated that it is more expensive to live in Westchester County than in Rockland, Dutchess, and Orange Counties, a rational basis was established for the retention of geographically disparate salaries between the plaintiffs and the Westchester County Court Judges *(see generally, Davis v Rosenblatt,* 159 AD2d 163). Therefore, the motion for summary judgment is denied and the cross motion for summary judgment is granted. Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.