OPINION OF THE COURT
Peter C. Patsalos, J.
In this declaratory judgment action, plaintiffs, past or pres *596 ent Judges of the City Court of the City of Yonkers, seek salary parity with the District Court Judges of Nassau and Suffolk Counties, as well as ancillary relief. Plaintiffs now move for summary judgment, and defendants State of New York and its Comptroller cross-move for summary judgment.
Upon a review of all the papers submitted, the court must conclude that the statutory provisions establishing disparate salaries for plaintiffs and the Judges of the District Courts of Nassau and Suffolk Counties cannot be justified rationally by reasons of disparities in population, case load and/or cost of living. In this latter connection, the court need only add that the cost of living in Westchester County is, without contradiction, "the highest of any county in the state and a full 20% higher than in Nassau and Suffolk Counties”. Even assuming, as defendants argue, that the cost of living in the City of Yonkers, where plaintiffs must by law reside (UCCA 2104 [b] [1]), constitutes the relevant data, not the cost of living in Westchester County at large, then, as a matter of logic and reason, the Yonkers cost of living should be compared to, say, the cost of living in a judicial district, where a Suffolk County District Judge is required to reside (UDCA 2404 [1]), not the cost of living in Nassau or Suffolk County as a whole, and in this regard plaintiffs have shown that Yonkers and the district of Babylon in Suffolk County have very similar economic profiles. In light of the foregoing, the statutory provisions that established and perpetuate the disparity in salaries between plaintiffs and District Court Judges of Nassau and Suffolk Counties must be declared unconstitutional as denying plaintiffs equal protection of the laws (see, Kendall v Evans, 72 NY2d 963, affg 126 AD2d 703; Cass v State of New York, 58 NY2d 460, rearg denied 60 NY2d 586; Weissman v Evans, 56 NY2d 458; Deutsch v Crosson, 171 AD2d 837, lv denied 78 NY2d 857; Davis v Rosenblatt, 159 AD2d 163, appeal dismissed 77 NY2d 834, 79 NY2d 822).
The arguments that defendants advance regarding subject matter jurisdiction, Statute of Limitations and counsel fees pursuant to 42 USC § 1983 have already been found wanting by appellate authority in this State (see, Cass v State of New York, supra, at 463; Deutsch v Crosson, supra, at 838-839; Davis v Rosenblatt, supra, at 168-169). The court notes, however, that the cases have disallowed prejudgment interest.