■ FRANCIS J. VOGT, as Ulster County Judge, Respondent, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Appellants. [606 NYS2d 57] — Mikoll, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered November 9, 1992 in Ulster County, which, *inter alia,* granted plaintiff's motion for summary judgment and made a declaration in plaintiff's favor.

Plaintiff, as County Judge of Ulster County, brought this action seeking a declaration that the statutory provisions establishing disparate salaries among the County Judges in Ulster, Albany, Sullivan, Orange, Dutchess and Westchester Counties are unconstitutional and in violation of his right to equal protection of the law in that he receives a lower salary than the County Judges in the other Counties. Plaintiff also requested a judgment directing that he be paid at the same rate as a County Judge in the highest paid County and a money judgment for the resulting unpaid salary due from October 1, 1978 onward.

Plaintiff subsequently moved for summary judgment granting, *inter alia,* the relief requested supported by an affidavit from an economics expert. Defendants State Comptroller and the State of New York (hereinafter collectively referred to as defendants) cross-moved for summary judgment dismissing the complaint claiming that geographic and cost-of-living variables provide a rational basis for the salary differences. Supreme Court granted plaintiff's motion finding that no significant differences existed between Ulster and the other five Counties with respect to geographical population per Judge, cost of living and caseload warranting a pay difference. Supreme Court then declared plaintiff entitled to the same salary as the County Judges in the five other Counties and awarded him back pay retroactive to October 1, 1978 based on the salary

paid to a County Judge of Westchester County. Defendants appeal.[1]

"[I]n this State * * * legislation will be presumed valid and will be sustained so long as the classification created by the statute is rationally related to a legitimate State interest * * *. With respect to geographical classifications such as in the instant lawsuit[ ], equal protection does not require territorial uniformity, but ' "[a] territorial distinction which has no rational basis will not support a state statute" ' " (Davis v Rosenblatt, 159 AD2d 163, 170, appeals dismissed 77 NY2d 823, 834, 79 NY2d 822, lvs denied 79 NY2d 757, 758 [citations omitted]). Disparate treatment is unjustified where there exists a " ' "true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations" ' " (supra, at 170-171 [citations omitted]).

Defendants' only argument in their brief is that there is substantial difference in the cost of living, in particular the cost of housing, between Ulster County and the other four Counties,[2] which establishes a rational basis for the salary differences. Plaintiff, however, has provided sufficient evidence to withstand the constitutional challenge through the testimony of his economic expert demonstrating that the economic differences are negligible based on the Consumer Price Index, other cost-of-living indicators and modest differences in housing costs (see, Weissman v Bellacosa, 129 AD2d 189, 196). Defendants have not presented any admissible evidence to support their assertion that plaintiff's proof is insufficient or that a rational basis exists for the geographic distinctions as to salaries between Ulster County and the other four Counties (see, Weissman v Evans, 56 NY2d 458, 465; see also, Matter of Abrams v Bronstein, 33 NY2d 488, 492-493). Accordingly, Supreme Court's decision in this regard should be affirmed. Because, however, plaintiff has withdrawn his claim contained in the fifth cause of action specifically seeking a salary equal to that given to a County Judge of Westchester County, Supreme Court's order must be modified.

Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing

1. Although defendant Chief Administrator of the Courts has also filed a notice of appeal, his position on this appeal is that all County Judges should receive equal salaries as a matter of policy.

2. Plaintiff has withdrawn his cause of action seeking salary parity with a County Judge of Westchester County as a result of the Second Department's decision in Edelstein v Crosson (187 AD2d 694, appeal dismissed 81 NY2d 953).

so much thereof as granted plaintiff's motion for summary judgment on the fifth cause of action; motion is denied to that extent and Albany County is substituted for Westchester County in the second and third sentences of the final paragraph thereof; and, as so modified, affirmed.