■ RAYMOND J. BARTH et al., Appellants-Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York and as Representative of the Administrative Board of the Judicial Conference of the State of New York, Respondent, and EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents-Appellants. [607 NYS2d 200] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs, present and former Judges of Family Court serving in Onondaga and Oneida Counties, sought judgment declaring that the disparity between their salaries and salaries paid to Family Court Judges in 12 other counties of the State pursuant to Judiciary Law § 221-e violates their right to equal protection of the laws under the State and Federal Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 11). In *Barth v Crosson,* Supreme Court, Onondaga County, granted judgment declaring that the statutory provisions that established and continued disparate salaries for plaintiffs and Family Court Judges serving in Erie and Monroe Counties are unconstitutional. In *Pomilio v Crosson* (199 AD2d 1052 [decided herewith]), however, Supreme Court, Oneida County, concluded that a rational basis exists for the salary disparity between plaintiffs and their counterparts in Erie and Monroe Counties.

In our view, both the Oneida County and the Onondaga County plaintiffs are entitled to judgment declaring that the salary disparity between them and Family Court Judges serving in Erie and Monroe Counties violates plaintiffs' right to equal protection of the laws. The duties and responsibilities of all plaintiffs are equivalent to those of Family Court Judges in

Erie or Monroe County and caseloads in the four counties are comparable. Differences in the costs of living in those counties are insignificant. Further, because Onondaga, Oneida, Erie and Monroe Counties are all located within the Fourth Department, " 'there exists a "true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations" ' " *(Davis v Rosenblatt,* 159 AD2d 163, 171, *lv denied* 79 NY2d 757, quoting *Weissman v Evans,* 56 NY2d 458, 463). We conclude, therefore, that defendants failed to establish that a rational basis exists for the disparity in salary between plaintiffs and Family Court Judges in Erie or Monroe County *(see, Davis v Rosenblatt, supra,* at 171).

We reach a different conclusion with respect to plaintiffs' challenge to the disparity between their salaries and salaries paid to Family Court Judges serving in Bronx, Dutchess, Kings, Nassau, Orange, Queens, Rockland, Suffolk and Westchester Counties. We agree with both courts that the significantly higher cost of living in those First and Second Department counties, as compared to Onondaga and Oneida Counties, provides a rational basis for the geographically disparate salaries *(see, Burke v Crosson,* 191 AD2d 997, 998; *Edelstein v Crosson,* 187 AD2d 694, *appeal dismissed* 81 NY2d 953, *lv denied* 82 NY2d 654). With respect to the salaries of Family Court Judges in Sullivan County, the only Third Department County addressed by plaintiffs, the evidence fails to support an award of summary judgment to either plaintiffs or defendants.

The court properly concluded, in *Barth v Crosson,* that the claims of plaintiffs Kolakowski and Schneider are time-barred *(see, Davis v Rosenblatt,* 159 AD2d 163, 168-169, *supra),* and that plaintiff Barth's claim for relief under 42 USC § 1983 is also untimely *(see, Owens v Okure,* 488 US 235).

The judgment in *Barth v Crosson* is, therefore, affirmed. We modify the judgment in *Pomilio v Crosson* by granting summary judgment to plaintiffs on their third and fourth causes of action; declaring that the disparity in salary between plaintiffs and Family Court Judges serving in Erie County and Monroe County violates plaintiffs' right to equal protection of the law; awarding plaintiffs judgment for back pay equal to the differences between their salaries and the salaries paid to Monroe County and Erie County Family Court Judges, beginning from either October 1, 1978 or the date of their commencement of service as Family Court Judges in Oneida County, whichever is later, with interest at the statutory rate *(see,* CPLR 5004); directing that defendants henceforth pay to plaintiffs salaries equal to those of Family Court Judges

serving in Erie and Monroe Counties; directing defendants to make payments or contributions to plaintiffs' pensions and other benefits to reflect the increase in salary; denying summary judgment to all parties with respect to plaintiffs' ninth cause of action; and affirming the judgment in all other respects. (Appeals from Judgment of Supreme Court, Onondaga County, Pooler, J.—Declaratory Judgment.) Present—Callahan, J. P., Green, Fallon and Davis, JJ.