■ JACK MACKSTON, Respondent, and THOMAS J. O'TOOLE, Plaintiff, v STATE OF NEW YORK et al., Appellants. [607 NYS2d 357] —In an action, *inter alia,* for a judgment declaring Judiciary Law former § 221-g (now § 221-i) unconstitutional insofar as it provides for an unfavorable salary differential between the plaintiff, Jack Mackston, a former Judge of the City Court of the City of Long Beach, and the Judges of the City Court of White Plains, the defendants appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), entered September 25, 1991, which declared the application of Judiciary Law § 221-i violative of the plaintiff's right to equal protection of the laws under the Constitution of the United States insofar as the statute perpetuates a salary differential between him and City Court Judges of the City of White Plains, and entered judgment against the defendants affording him the relief sought.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and it is declared that, insofar as it established and perpetuated different salaries for the Judges of the City Court of White Plains and the Judges of the City Court of Long Beach, Judiciary Law former § 221-g (now § 221-i) is not unconstitutional and does not violate the plaintiff's right to equal protection of the laws.

The plaintiff, a retired Judge of the City Court of Long Beach, Nassau County, sought a judgment declaring the perpetuation, subsequent to the enactment of the Unified Court Budget Act on April 1, 1977, of an unfavorable salary disparity between himself and the Judges of the City Court of White Plains, Westchester County, to be violative of the Equal Protection Clause (US Const 14th Amend). The plaintiff also sought ancillary monetary relief in the form of a retroactive pay increase plus interest and attorneys' fees. Based upon a stipulated set of facts submitted by the parties, the Supreme Court found that there was no rational basis for the salary differential between the plaintiff and a Judge of the City Court of White Plains, and declared the differential to be violative of the plaintiff's rights to equal protection of the laws under the Constitution of the United States. We now reverse.

It is well-settled that upon a challenge to the constitutionality of a statutorily created judicial pay disparity among

Judges of comparable courts, " 'the geographical distinctions created by the [Unified Court Budget Act] must be predicated upon a rational basis [in order] to survive an equal protection challenge *(Cass v State of New York,* 58 NY2d 460; *Weissman v Evans,* 56 NY2d 458)' " *(Weissman v Bellacosa,* 129 AD2d 189, 192-193, quoting *Kendall v Evans,* 126 AD2d 703, 704, *affd* 72 NY2d 963; *see also, Edelstein v Crosson,* 187 AD2d 694, 696). In the case at bar, the governmental statistics within the record demonstrate that there is such a rational basis, since not only is the full-time population of the City of White Plains greater than that of Long Beach, but the cost of living in the City of White Plains is significantly higher than it is within the City of Long Beach. In particular, we note that in 1981-1982 the average cost of acquisition of a residential home in White Plains was almost double that of the City of Long Beach. In addition, the per capita property taxes for the same period were higher in White Plains than in Long Beach.

The law is clear that as long as any conceivable statement of facts will support a classification by the Legislature, it cannot be held to be violative of equal protection *(see, Maresca v Cuomo,* 64 NY2d 242, 250). Accordingly, since the above statistics indicate that White Plains is a more expensive place to reside than is Long Beach, there is a rational basis for the retention of geographically disparate salaries between the plaintiff and a Judge of the City Court of White Plains *(see, Edelstein v Crosson, supra; Davis v Rosenblatt,* 159 AD2d 163). Therefore, the judgment of the Supreme Court is reversed and it is declared that, insofar as it established and perpetuated different salaries for the Judges of the City Court of White Plains and the Judges of the City Court of Long Beach, Judiciary Law former § 221-g (now § 221-i) is not unconstitutional and does not violate the plaintiff's rights to equal protection of the laws. Bracken, J. P., Balletta, Copertino and Santucci, JJ., concur.