■ BERNARD STANGER et al., Respondents, v MATTHEW T. CROSSON et al., Appellants. [616 NYS2d 652] —In an action for a judgment declaring "statutory provisions, effective from October 1, 1978, to the present date, establishing and perpetuating disparate salaries for the Judges of the Family Courts of Dutchess, Orange, Rockland and Westchester Counties to be unconstitutional as violative of the plaintiffs' rights to the equal protection of the laws", the appeals are from an order and judgment (one paper) of the Supreme Court, Westchester County (Cobb, J.), dated December 19, 1991, which granted the plaintiffs' motion for summary judgment, granted the declaratory relief requested, and denied the cross motion of the defendants State of New York and Edward Regan for summary judgment.

Ordered that the order and judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motion for summary judgment is denied, the cross motion for summary judgment is granted, and it is declared that the statutory provisions effective from October 1, 1978, to the present date, which established and perpetuated disparate salaries for the Judges of the Family Courts of Dutchess, Orange, and Rockland Counties, and the Judges of the Family Court of Westchester County, are constitutional and do not violate the plaintiffs' rights to equal protection of the laws.

The plaintiffs are past and present Family Court Judges from Dutchess, Rockland and Orange Counties. By virtue of a schedule established pursuant to Judiciary Law § 221 and subsequent legislative enactments, effective from October 1,

1978, to the present date, the plaintiffs receive or received a lower salary than that paid to Family Court Judges in Westchester County. In this action, the plaintiffs sought a judgment declaring that the salary schedule in Judiciary Law § 221 is unconstitutional and violates the plaintiffs' rights to the equal protection of the laws.

In support of the plaintiffs' motion for summary judgment, they submitted exhibits and statistics demonstrating the similarity between the case loads of the Westchester County Family Court Judges and the plaintiffs' case loads. In opposition to the plaintiffs' motion for summary judgment and in support of their cross motion for summary judgment, the defendants State of New York and Regan submitted exhibits and statistics demonstrating that the population and cost of living in Westchester County is higher than the population and cost of living in the plaintiffs' counties. The court granted summary judgment to the plaintiffs, holding that no rational basis existed for the geographic salary classifications challenged in this action. We disagree and now reverse.

In *Edelstein v Crosson* (187 AD2d 694, *lv denied* 82 NY2d 654), this Court held that "because it has been demonstrated that it is more expensive to live in Westchester County than in Rockland, Dutchess, and Orange Counties, a rational basis was established for the retention of geographically disparate salaries" between the plaintiffs (who were past and present County Court Judges from Rockland, Dutchess, and Orange Counties) and the Westchester County Court Judges. A review of the *Edelstein* record and the record on the instant appeals reveals that basically the same statistics were submitted by the defendants in both of these cases. Accordingly, the holding in *Edelstein* is applicable to the case at bar. Therefore, the plaintiffs' motion for summary judgment is denied and the cross motion by the defendants is granted. Bracken, J. P., Miller, Pizzuto and Hart, JJ., concur.