■ FRANCIS A. NICOLAI et al., as Judges of the County Court or Family Court of the County of Westchester, Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Appellants. [626 NYS2d 210] —In an action, *inter alia,* for a judgment declaring Judiciary Law §§ 221-d, 221-e, unconstitutional insofar as they provide for an unfavorable salary differential between the Judges of the County Court of Westchester County and the Judges of the County Courts of Nassau and Suffolk Counties and between the salaries of the Judges of the Family Court of Westchester County and the salaries of the Judges of the Family Courts of Nassau and Suffolk Counties and New York City, the defendants appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered June 18, 1993, which, upon granting the plaintiffs' motion for summary judgment, *inter alia,* made the declaration.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The plaintiffs are past and present Judges of the Family Court and County Court of Westchester County. By virtue of a schedule established pursuant to Judiciary Law §§ 221-d, 221-e and subsequent amendments to those statutes between October 1, 1978, and the present, the plaintiffs are paid lower salaries than the salaries paid to County Court Judges in Nassau and Suffolk Counties and Family Court Judges in New York City and in Nassau and Suffolk Counties. The plaintiffs commenced the instant action for a judgment declaring that the salary schedules in Judiciary Law §§ 221-d, 221-e are unconstitutional and violate their right to the equal protection of the law under the Federal and New York State Constitutions. The Supreme Court granted the plaintiffs' motion for summary judgment and declared the salary schedules unconstitutional as applied to the petitioners. The court also granted injunctive relief and back pay, and ordered a hearing on counsel fees. We affirm.

It is now well settled that upon a challenge to the constitutionality of a statutorily-created judicial pay disparity among Judges of comparable courts, " 'the geographical distinctions created by the [Unified Court Budget Act] must be predicated upon a rational basis to survive an equal protection challenge *(Cass v State of New York,* 58 NY2d 460; *Weissman v Evans,* 56 NY2d 458)' " *(Weissman v Bellacosa,* 129 AD2d 189, 192-193, quoting *Kendall v Evans,* 126 AD2d 703, 704, *affd* 72 NY2d 963; *see also, Mackston v State of New York,* 200 AD2d 717). Here, the record demonstrates that, although the population of Westchester is less than the populations of Nassau and Suffolk Counties, the cost of living is higher in Westchester. The average caseload per County Court Judge in Westchester, Nassau, and Suffolk Counties is comparable and the average caseload per Family Court Judge in Westchester, Nassau, and Suffolk Counties, and New York City is also comparable. Accordingly, the plaintiffs established that Westchester, Nassau and Suffolk Counties, and the five counties of New York City constituted a true unity of judicial interest indistinguishable by separate geographic considerations *(see, Weissman v Evans, supra; Davis v Rosenblatt,* 159 AD2d 163; *Weissman v Bellacosa, supra).*

The appellants' remaining contention is without merit *(see, Deutsch v Crosson,* 171 AD2d 837). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.