■ PATRICIA M. CACACE, as Executor of ROBERT W. CACACE, Deceased, et al., Respondents-Appellants, v MATTHEW CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Appellants-Respondents. [628 NYS2d 317] —In an action, *inter alia,* for a judgment declaring unconstitutional Judiciary Law §§ 221-h and 221-i insofar as they establish and perpetuate different salaries for the Judges of the Yonkers City Court and the Judges of the District Courts in Nassau and Suffolk Counties and for the Chief Judge of the Yonkers City Court and the President of the Board of Judges of the District Courts in Nassau and Suffolk Counties, (1) the defendants appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Peter C. Patsalos, J.), dated October 28, 1993, which, *inter alia,* granted the plaintiffs' motion for summary judgment, declared Judiciary Law §§ 221-h and 221-i unconstitutional, denied the cross motion of the defendants Edward Regan and the State of New York for summary judgment, and awarded the plaintiffs back pay and (2) the plaintiffs cross-appeal from so much of the same judgment as failed to grant them prejudgment interest on their awards of back pay.

Ordered that the appeal of the defendant Matthew Crosson is dismissed, without costs or disbursements, for failure to perfect the same in accordance with this Court's rules *(see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements; and it is further,

Ordered, that the plaintiffs' motion for summary judgment is denied and the cross motion of the defendants Edward Regan and the State of New York for summary judgment is granted, without costs or disbursements, and it is declared that Judiciary Law §§ 221-h and 221-i are constitutional insofar as they establish and perpetuate different salaries for the Judges of the Yonkers City Court and the Judges of the District Courts in Nassau and Suffolk Counties and for the Chief Judge of the Yonkers City Court and the President of

the Board of Judges of the District Courts in Nassau and Suffolk Counties.

While the Yonkers City Court and the District Courts in Nassau and Suffolk Counties have similar subject matter jurisdiction, they are not courts of coordinate jurisdiction for purposes of judicial pay parity *(see,* NY Const, art VI, §§ 16, 17; UDCA 2401 *et seq.;* UCCA 102; *see also,* Siegel, NY Prac § 9, at 11 [2d ed]; *compare, Cass v State of New York,* 58 NY2d 460; *Weissman v Evans,* 56 NY2d 458; *Nicolai v Crosson,* 214 AD2d 714; *Buckley v Crosson,* 202 AD2d 972; *Mackston v State of New York,* 200 AD2d 717; *Barth v Crosson,* 199 AD2d 1050; *Vogt v Crosson,* 199 AD2d 722; *Davis v Rosenblatt,* 159 AD2d 163, 166-167; *Weissman v Bellacosa,* 129 AD2d 189, 192-193; *Deutsch v Crosson,* 171 AD2d 837; *Kendall v Evans,* 126 AD2d 703, 704, *affd* 72 NY2d 963).

In light of our determination, we need not address the parties' remaining contentions. Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur. *[See,* 158 Misc 2d 595.]