# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**183**

**CA 13-00640**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

HONORABLE JOSEPH J. CASSATA,
PLAINTIFF-RESPONDENT,

                              V                    MEMORANDUM AND ORDER

STATE OF NEW YORK, THOMAS P. DINAPOLI,
AS COMPTROLLER OF STATE OF NEW YORK,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

WEBSTER SZANYI, LLP, BUFFALO (KEVIN A. SZANYI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered November 21, 2012. The judgment, inter alia, granted the motion of plaintiff for summary judgment and declared that the pay disparity between City Court judges in the City of Buffalo and the City of Tonawanda, as set forth in Judiciary Law § 221-i, violates plaintiff's equal protection rights, and denied the cross motion of defendants State of New York and Thomas P. DiNapoli, as Comptroller of State of New York, for summary judgment.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied, the cross motion of defendants-appellants is granted insofar as they seek a declaration in their favor, and it is

ADJUDGED AND DECLARED that the salary disparity between City Court judges in Buffalo and Tonawanda, as set forth in Judiciary Law § 221-i, is constitutional.

Memorandum: Defendants-appellants (hereafter, defendants), appeal from a judgment granting plaintiff's motion for summary judgment and declaring that the pay disparity between City Court judges in the City of Buffalo and the City of Tonawanda, as set forth in Judiciary Law § 221-i, violates plaintiff's rights to equal protection under the federal and state constitutions, and awarding plaintiff back pay and other relief. We agree with defendants that Judiciary Law § 221-i is constitutional insofar as challenged. We therefore reverse the judgment, deny plaintiff's motion, grant

defendants' cross motion for summary judgment insofar as they seek a declaration in their favor rather than dismissal of the complaint (*see generally Alexander v New York Cent. Mut.*, 96 AD3d 1457, 1457), and declare that the salary disparity between City Court judges in Buffalo and Tonawanda, as set forth in Judiciary Law § 221-i, is constitutional.

It is undisputed that the disparate judicial salary schedule set forth in Judiciary Law § 221-i does not implicate a suspect class or a fundamental right, and thus it is subject to the rational basis standard of review (*see Affronti v Crosson*, 95 NY2d 713, 718-719, *cert denied* 534 US 826; *D'Amico v Crosson*, 93 NY2d 29, 31-32).  Such rational basis review "is a paradigm of judicial restraint" (*Affronti*, 95 NY2d at 719 [internal quotation marks omitted]).  "A statute subject to rational basis scrutiny is presumed to be constitutional, and the party challenging the statute bears the heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction" (*D'Amico*, 93 NY2d at 32; *see Heller v Doe*, 509 US 312, 320; *Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 290).  Thus, "the State has no obligation to produce evidence to sustain the rationality of a statutory classification.  A legislative choice is *not subject to courtroom factfinding* and may be based on *rational speculation* unsupported by evidence or empirical data" (*Affronti*, 95 NY2d at 719 [internal quotation marks omitted]).

Here, we conclude that there is a rational basis for the salary disparity between Tonawanda City Court and Buffalo City Court judges and, thus, that the disparity does not violate equal protection (*see id.* at 717; *see generally Matter of Tolub v Evans*, 58 NY2d 1, 8, *appeal dismissed* 460 US 1076).  The cities of Buffalo and Tonawanda, although both located within Erie County and separated by only 12 miles, are very different municipalities.  Buffalo is the largest city in Erie County and the second largest city in New York State.  Tonawanda, by contrast, is "[o]ne of the smallest cities in Erie County."  Nearly one third of the residents of Erie County (28%) live in Buffalo, while only 1.5% of the county's population resides in Tonawanda.  In 2009, Buffalo's population was 18 times the size of Tonawanda's, i.e., 270,240 residents as compared to 14,766 residents.  Tonawanda City Court has one full-time judge and one "half-time" judge, while Buffalo City Court has 13 full-time judges.  Buffalo therefore has 20,787 residents per judge, which is more than twice the 9,844 residents per judge in Tonawanda.

We agree with defendants that it is rational for the State to pay a higher salary to judges who serve a larger population both as a proxy for caseload and as an indicator of potential future filings.  Indeed, in our view, the substantial population differences between the two cities alone are sufficient to provide a rational basis for the 4.5% salary disparity (*see Mackston v State of New York*, 200 AD2d 717, 718, *appeal dismissed* 83 NY2d 905, *lv denied* 84 NY2d 803; *cf. Affronti*, 265 AD2d 817, 818, *modified on other grounds* 95 NY2d 713, *cert denied* 534 US 826; *Vogt v Crosson*, 199 AD2d 722, 723; *Davis v*

*Rosenblatt*, 159 AD2d 163, 170-171, *appeal dismissed* 77 NY2d 834, 79 NY2d 822, *lv denied* 79 NY2d 757; *Weissmann v Bellacosa*, 129 AD2d 189, 195; *see generally Cass v State of New York*, 58 NY2d 460, 464, *rearg denied* 60 NY2d 586).  We further agree with defendants that caseload differences between Buffalo City Court and Tonawanda City Court provide a rational basis for the salary disparities between the two courts (*see Barr v Crosson*, 95 NY2d 164, 170; *see generally Cass*, 58 NY2d at 464).  Although the number of filings per judge in both courts is roughly equivalent, Office of Court Administration (OCA) statistics reflect that Buffalo City Court judges handle a more complex and potentially time-consuming caseload than their counterparts in Tonawanda, with a significantly greater volume of criminal, civil, and landlord-tenant cases than Tonawanda City Court.  Between 2008 and 2010, Buffalo City Court handled, on a per judge basis, more than twice as many criminal cases, three to four times as many civil cases, and more than 10 times as many landlord-tenant cases than were handled, per judge, in Tonawanda City Court.  In 2008, for example, 38% (22,915) of Buffalo City Court's 60,363 filings were criminal matters, 37% (22,182) were civil matters, and 13% (7,878) were landlord-tenant matters.  Of the 5,847 filings in Tonawanda City Court that year, only 19% (1,127) were criminal matters, 11% (629) were civil matters, and 1% (79) were landlord-tenant matters.  By contrast, OCA statistics reflect that Tonawanda City Court predominately handles more routine matters, such as non-criminal motor vehicle infractions and parking violations.  Indeed, motor vehicle and parking cases comprised 63% of Tonawanda's docket in 2008 and 62% of its docket in 2009.  In 2010, parking and motor vehicle matters constituted 71% of the cases filed in Tonawanda City Court.  Buffalo City Court does not hear parking violation cases and hears only criminal motor vehicle cases, which constituted less than 10% of its docket in 2010.

The caseload differences between Buffalo City Court and Tonawanda City Court are not surprising given the stark demographic differences between the two cities.  According to census data in the record, from 2005 to 2009, the median household income in Tonawanda was $49,678, 75% of all housing units in Tonawanda were owner-occupied, and the median value of owner-occupied homes was $85,300.  Further, only about 7% of the housing units in Tonawanda were vacant, and less than 10% of Tonawanda residents lived below the poverty line.  The median household income in Buffalo during the same period was $30,376, only 44.4% of the housing units in Buffalo were owner-occupied, and the median value of owner-occupied homes was $65,200.  Nearly one third of Buffalo's residents (28.6%) fell below the poverty line and roughly one fifth (19.1%) of Buffalo's housing units were vacant.  Thus, both the OCA statistics and the census data indicate that Buffalo City Court judges face the often more complicated cases typically associated with urban areas—e.g., evictions, landlord-tenant disputes, criminal matters, and cases arising from vacant and deteriorated housing—while judges serving the City of Tonawanda, a much smaller and relatively more affluent community, deal with comparatively less serious or complex cases, thereby justifying the minimal salary differential (*see generally Henry v Milonas*, 91 NY2d 264, 268-269).

Plaintiff, however, contends that the OCA statistics do not

properly account for his unique circumstances, including the fact that he presides over several "specialty courts," that Tonawanda City Court serves as a "Hub Court" for drug cases in Erie County, and that, as the only full-time judge in Tonawanda City Court, he serves as the de facto administrative judge of that court.  We note that Buffalo City Court is also a Hub Court for drug cases, and that Buffalo City Court judges likewise preside over specialty courts, albeit not as many as those overseen by plaintiff.  In any event, even assuming, arguendo, that plaintiff's workload is in fact comparable to that of a Buffalo City Court judge based upon individual circumstances not reflected in court statistics, we conclude that plaintiff's individual workload would not invalidate the salary differences set forth in Judiciary Law § 221-i.  As the Court of Appeals stated in *Cass* (58 NY2d at 464), "when a rational basis exists for the classification enacted by the Legislature, equal protection does not require that all classifications be made with mathematical precision . . . Thus[,] . . . the fact that the general statutory scheme, when applied on a Statewide basis, may produce some inequities for certain Judges within a particular class does not render the statute unconstitutional" (internal quotation marks omitted).

Entered:  March 21, 2014                    Frances E. Cafarell
                                           Clerk of the Court