■ Jo Ann Friia et al., Respondents, v Ann Pfau, as Chief Administrative Judge of New York State Courts and as Representative of Administrative Board of Judicial Conference of State of New York, Defendant, and Thomas P. DiNapoli, as Comptroller of the State of New York, et al., Appellants. [994 NYS2d 151]—

In an action, inter alia, for a judgment declaring Judiciary Law § 221-i unconstitutional insofar as it provides for a salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon, the defendants Thomas P. DiNapoli, as Comptroller of the State of New York, and State of New York appeal from an order and judgment (one paper) of the Supreme Court, West-

chester County (Aulisi, J.), dated October 4, 2012, which, inter alia, granted the plaintiffs' motion for summary judgment on so much of the complaint as was premised upon the salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon, denied their cross motion, in effect, for a judgment declaring Judiciary Law § 221-i constitutional insofar as it provides for a salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon and dismissing the causes of action for monetary and injunctive relief insofar as premised upon that salary differential, and declared Judiciary Law § 221-i unconstitutional insofar as it provides for a salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiffs' motion is denied, the appellants' cross motion is granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an amended judgment, inter alia, declaring that Judiciary Law § 221-i is constitutional insofar as it provides for a salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon.

The plaintiffs, who are full-time judges of the City Court of the City of White Plains, commenced this action seeking, among other things, a judgment declaring that Judiciary Law § 221-i is unconstitutional insofar as it provides for a salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon. They alleged that the salary differential between the full-time judges of the respective courts violates their equal protection rights under the federal and state constitutions. Pursuant to Judiciary Law § 221-i, at the time the plaintiffs commenced this action in March 2011, full-time judges of the City Court of the City of Mount Vernon received an annual salary which was approximately 1.3% greater than that of the full-time judges of the City Court of the City of White Plains: $118,300, compared to $116,800.

In support of their motion for summary judgment on so much of the complaint as was premised upon the subject salary differential, the plaintiffs submitted statistics compiled by the New York State Unified Court System showing the respective numbers and categories of case filings in the City Courts of the Cities of White Plains and Mount Vernon for the years 2007 through 2009, and U.S. Census Bureau data indicating, among

other things, the populations of the Cities of White Plains and Mount Vernon in 1990, 2000, and 2009. The defendants Thomas P. DiNapoli, as Comptroller of the State of New York, and State of New York (hereinafter together the appellants) relied on the same data in opposing the plaintiffs' motion for summary judgment, and in support of their cross motion for summary judgment, in effect, declaring Judiciary Law § 221-i constitutional insofar as it provides for the subject salary differential and dismissing the causes of action for monetary and injunctive relief insofar as premised upon that salary differential. The Supreme Court, inter alia, determined that there was no rational basis for the subject salary differential, granted the plaintiffs' motion, and denied the appellants' cross motion.

It is undisputed that the judicial salary differentials provided by the schedule set forth in Judiciary Law § 221-i do not implicate a suspect class or a fundamental right. Therefore, they are subject to rational basis review (see Affronti v Crosson, 95 NY2d 713, 719 [2001]; Barr v Crosson, 95 NY2d 164, 170 [2000]; D'Amico v Crosson, 93 NY2d 29, 32 [1999]; Henry v Milonas, 91 NY2d 264, 268 [1998]). "[A] statutory scheme will not be struck as violative of equal protection merely because it creates differences in geographic areas. As long as the State had a rational basis for making such a distinction, it will pass constitutional muster under an equal protection challenge" (Matter of Tolub v Evans, 58 NY2d 1, 8 [1982]; see Henry v Milonas, 91 NY2d at 268; Cass v State of New York, 58 NY2d 460, 464 [1983]). Moreover, "[s]tates are not required to convince the courts of the correctness of their legislative judgments" (Minnesota v Clover Leaf Creamery Co., 449 US 456, 464 [1981]). Since the challenged statute is presumed to be valid, the plaintiffs have the burden "to negative every conceivable basis which might support it . . . whether or not the basis has a foundation in the record," and to "convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker" (Affronti v Crosson, 95 NY2d at 719 [emphasis and internal quotation marks omitted]). The State "has no obligation to produce evidence to sustain the rationality of a statutory classification. A legislative choice is not subject to courtroom factfinding and may be based on rational speculation unsupported by evidence or empirical data" (id.).

Here, the census data submitted by the plaintiffs demonstrated that during the relevant time period, the City of Mount Vernon had a population that was approximately 17% to 27%

greater than the population of the City of White Plains. In addition, at the time this action was commenced, the City Courts of the Cities of White Plains and Mount Vernon had the same number of judges. The difference in population provides a rational basis for the challenged disparity (see Cass v State of New York, 58 NY2d at 464; Mackston v State of New York, 200 AD2d 717, 718 [1994]). The State could rationally decide to pay a higher salary to judges who serve a larger population, concluding that the population is a proxy for caseload (see Cassata v State of New York, 115 AD3d 1209, 1210 [2014]).

In addition, we agree with the appellants that the caseload differences between the City Courts of the Cities of Mount Vernon and White Plains provide a rational basis for the salary differentials between the judges of the two courts (see Nelson v Lippman, 95 NY2d 952, 953 [2000]; Barr v Crosson, 95 NY2d 164, 170 [2000]). Although the City Court of the City of White Plains had a greater overall number of cases filed during the years 2007 to 2009, more than 78% of its caseload consisted of parking and moving violations. In contrast, the City Court of the City of Mount Vernon does not hear parking violation cases, and the number of moving violation cases comprised a much smaller percentage of its caseload. Furthermore, between 2007 and 2009, the City Court of the City of Mount Vernon handled approximately 15% to 29% more criminal cases, 45% to 48% more civil cases, and 61% to 71% more landlord-tenant cases than did the City Court of the City of White Plains. The State could rationally infer from these statistics that the judges of the City Court of the City of Mount Vernon handle a more complex and potentially time-consuming caseload than do their counterparts in the City Court of the City of White Plains, thereby providing a rational basis for paying them a greater annual salary (see Cassata v State of New York, 115 AD3d at 1211).

In light of our determination that Judiciary Law § 221-i is constitutional insofar as it provides for a salary differential between the judges of the City Court of the City of White Plains and the judges of the City Court of the City of Mount Vernon, we need not reach the parties' contentions concerning the appropriate award of monetary relief.

Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment and granted the appellants' cross motion for summary judgment. Skelos, J.P., Miller, Maltese and Barros, JJ., concur.