OPINION OF THE COURT

Per Curiam.

In these three declaratory judgment actions the plaintiffs are County Court Judges, Family Court Judges, and Surrogates who claim that the Unified Court Budget Act (L 1976, ch 966; L 1979, ch 55; L 1980, ch 881) denies them equal protection insofar as it provides higher salaries for Judges of co-ordinate jurisdiction in certain counties in the *463 New York City metropolitan area. The plaintiffs also seek a declaration that they are entitled to retroactive salary increments to compensate them for the discrepancies.
The Supreme Court consolidated the three actions and granted summary judgment for the plaintiffs, against all defendants except the State Comptroller and dismissed the action against him.
The Appellate Division reversed and granted judgment in favor of all the defendants, except the State declaring the statute constitutional. The complaint against the State was dismissed because the Appellate Division found “no persuasive authority * * * to demonstrate that it is a proper defendant in these actions”. (88 AD2d 305, 308.)
The order of the Appellate Division should be modified by reinstating the complaints against the State and otherwise affirmed.
Claims against the State primarily seeking money damages should, of course, be brought in the Court of Claims (Schaffer v Evans, 57 NY2d 992). It is settled, however, that a declaratory judgment action in the Supreme Court is an appropriate vehicle for challenging the constitutionality of a statute (Press v County of Monroe, 50 NY2d 695). In addition, the State is a proper party to such an action because of its obvious interest in and right to be heard on matters concerning the constitutionality of its statutes (CPLR 1012; cf. Weissman v Evans, 56 NY2d 458). Thus the motion to dismiss the complaint against the State for lack of jurisdiction should have been denied.
In all other respects the Appellate Division correctly held that the defendants are entitled to summary judgment for the reasons stated in its opinion. We would simply note that our recent opinion in Matter of Tolub v Evans (58 NY2d 1) provides additional authority for the Appellate Division’s conclusion that the plaintiffs have not been denied equal protection.
In the Tolub case we stated (at p 8) that a State budgetary act “will not be struck as violative of equal protection merely because it creates differences in geographic areas * * * As long as the State had a rational basis for making such a distinction, it will pass constitutional muster under *464 an equal protection challenge”. In the case now before us the relevant classes encompass Judges of three separate courts established and maintained throughout the State. As the Appellate Division indicates, there are State-wide disparities in population, caseload, and cost of living, which provide a rational basis for the Legislature to adopt price differentials for those serving in different areas of the State. The case is clearly distinguishable from Weissman v Evans (supra) involving a limited class composed entirely of Judges of the District Court which exists only in two adjoining counties on Long Island, where differences of this nature were not evident and therefore could not serve to provide a rational justification for a salary differential between the Judges sitting in Nassau County and those sitting in Suffolk County.
In the Tolub case we also observed that when a rational basis exists for the classification enacted by the Legislature, “equal protection does not require that all classifications be made with mathematical precision” (Matter of Tolub v Evans, supra, at p 8). Thus in this case the fact that the general statutory scheme, when applied on a Statewide basis, may produce some inequities for certain Judges within a particular class does not render the statute unconstitutional.
Accordingly, the order of the Appellate Division should be modified, with costs, by reinstating the complaints against the State only for the technical purpose of declaring in favor of the State as well as the other defendants; and otherwise the order should be affirmed.