■ LEON DEUTSCH et al., Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, et al., Appellants.—In an action for a judgment declaring that "statutory provisions from October 1, 1978 to the present which established and perpetuated disparate salaries for plaintiffs and the Family Court Judges of Nassau County are unconstitutional in that they violate plaintiffs' rights to the equal protection of the laws", the appeals are from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), dated May 29, 1990, as found that the claims of 17 of the plaintiffs were not barred by the doctrine of res judicata, and, upon making the declaration, awarded monetary relief to the plaintiffs.

Ordered that the judgment is modified by deleting the provision thereof which awarded prejudgment interest; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Judiciary Law § 221-e sets forth the annual salaries to be paid to the Family Court Judges in the various counties. These salaries range from $82,000 for Family Court Judges in certain upstate counties to $95,000 in Nassau County. The plaintiffs, all present or past Judges of the Family Court in the City of New York, commenced the instant action for a judgment declaring this statute and its predecessor statute, "effective from October 1, 1978 to the present", unconstitutional as violative of their rights under the Federal and State Constitutions to the equal protection of the laws. This action also seeks injunctive relief mandating that the defendants henceforth pay the plaintiffs salaries equal to the salaries of the Judges of the Family Court, Nassau County, and additionally requests, *inter alia,* back pay with interest and counsel fees pursuant to their claim under 42 USC § 1983. The Su-

preme Court granted the plaintiffs' motion for summary judgment and declared the salary statute unconstitutional as applied to them. The court granted the requested injunctive relief, and awarded the plaintiffs back pay from October 1, 1978, with interest, and, among other things, counsel fees. On appeal, the defendants (hereinafter referred to as the State) do not challenge the court's finding that the salary statute is unconstitutional. Instead, the State contends that the doctrine of res judicata bars several of the plaintiffs' claims and that the monetary relief granted was either improper or should be modified.

The State contends that the claims of those 17 plaintiffs who were also parties in *Cass v State of New York* (58 NY2d 460) are barred by the doctrine of res judicata since the plaintiffs in *Cass* challenged the same statute on the same grounds, namely, that the disparity in salaries denied them the equal protection of the laws. A review of the *Cass* facts reveals that the 116 named plaintiffs in that case were County Court Judges, Family Court Judges and Surrogates from throughout the State. The *Cass* plaintiffs basically challenged the salary statute as being unconstitutional on its face. At bar, the plaintiffs challenged the statute as being unconstitutional as applied. The material evidence necessary to support the claim at bar is very different from the evidence required in the *Cass* trial. It has been stated that "In order for res judicata to apply, however, the foundational facts must be related in 'time, space, origin, or motivation [as well as] form a convenient trial unit' " *(Braunstein v Braunstein,* 114 AD2d 46, 53, quoting *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193). We find that res judicata should not be applied at bar since combining the two constitutional challenges into one case, representing numerous counties, would not have formed a "convenient trial unit". Indeed, if the claim at bar required hundreds of pages of statistical information and articles to demonstrate the similarities between the City of New York and Nassau County, one could imagine the unmanageability of a trial in which numerous counties demonstrated their similarities to other numerous counties.

The State raises several contentions challenging the monetary relief granted to the plaintiffs. We find all of them, except the challenge to the awarding of prejudgment interest, to be without merit. As stated in *Davis v Rosenblatt* (159 AD2d 163, 168-169), the applicable Statute of Limitations to the declaratory judgment action at bar is six years. However, this limitations period applies to when the primary action

must be commenced *(i.e.,* the declaratory judgment action) and does not circumscribe the number of years for which the ancillary relief of back pay may be awarded as argued by the State *(see, Matter of McKernan v City of New York Civ. Serv. Commn.,* 121 AD2d 350). Therefore, although the Statute of Limitations for the declaratory action at bar was six years, the court properly awarded back pay from October 1, 1978, a period greater than six years *(see, Weissman v Bellacosa,* 129 AD2d 189; *Davis v Rosenblatt, supra).*

The State further contends that the court erred when it awarded to the plaintiffs counsel fees pursuant to 42 USC § 1988. Since the action at bar was primarily one for a declaratory judgment and injunctive relief, the defendant Matthew T. Crosson, as Chief Administrator of the Courts of the State of New York, and as the representative of the Administrative Board of the State of New York, is deemed a "person" within the meaning of 42 USC § 1983 *(see, Will v Michigan Dept. of State Police,* 491 US 58). Therefore, inasmuch as the plaintiffs have been successful on their constitutional claim, which is cognizable under 42 USC § 1983, the court properly awarded counsel fees *(see, Weissman v Bellacosa, supra,* at 197-198; *Davis v Rosenblatt, supra,* at 173). However, we do find that the award of prejudgment interest by the court was improper *(see, Davis v Rosenblatt, supra,* at 173).

We have examined the parties' remaining contentions and find them to be without merit *(see, Kendall v Evans,* 100 AD2d 508; *Cass v State of New York, supra).* Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.