■ WILLIAM J. BURKE et al., Appellants, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents. (Appeal No. 1.) [595 NYS2d 272] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs, County Court Judges serving in Onondaga County, sought judgment declaring that the disparity between their salary and salaries paid to County Court Judges in 13 other counties of the State pursuant to Judiciary Law § 221-d violated their rights to equal protection of the laws under the State and Federal Constitutions *(see,* US Const, 14th Amend, § 1; NY Const, art I, § 11). Plaintiffs also challenged the salary disparity between Onondaga County Court Judges and a Court of Claims Judge assigned as an acting Supreme Court Justice in Onondaga County. Plaintiffs moved for summary judgment on their complaint and defendants cross-moved for summary judgment. Plaintiffs and defendants were each granted partial summary judgment and plaintiffs now appeal.

Supreme Court properly concluded that the significantly higher cost of living in Nassau, Suffolk and Westchester Counties provides a rational basis for the geographically disparate salaries between those counties and Onondaga County *(see, Edelstein v Crosson,* 187 AD2d 694; *Davis v Rosenblatt,* 159 AD2d 163, *lv denied* 79 NY2d 757). The court also properly determined that distinctions in jurisdiction and authority justify the difference in salary between plaintiffs and a Judge of the Court of Claims.

Defendants failed to take a timely cross appeal from those parts of the judgment granting plaintiffs summary judgment on the first cause of action declaring that the salary disparity between plaintiffs and Albany County Court Judges is unconstitutional and awarding back pay and adjustments in plaintiffs' pension and other employment benefits. Therefore, defendants' challenge to those parts of the judgment is not properly before us *(see,* CPLR 5513; *Hecht v City of New York,* 60 NY2d 57, 61; *Patelunas v Patelunas,* 139 AD2d 883, 885). We reject defendants' contention that their appeal from the subsequent order (denominated judgment) awarding counsel fees to plaintiffs *(see, Burke v Crosson* [appeal No. 2] 191 AD2d 998 [decided herewith]) brings up for review, pursuant to CPLR 5501 (a) (1), the judgment granting partial summary judgment to plaintiffs. The earlier judgment was final and, thus, cannot be brought up for review on appeal from the later order *(see, Crystal v Manes,* 130 AD2d 979; *Acres v Hitchcock,* 77 AD2d 744, lv denied 53 NY2d 601). (Appeal from Judgment of Supreme Court, Onondaga County, Pooler, J.—Declaratory Judgment.) Present—Callahan, J. P., Green, Pine, Doerr and Boomer, JJ. *[See,* 152 Misc 2d 158.]