■ JOHN T. BUCKLEY et al., Individually and on Behalf of all Present and Future Judges of the County Court of Oneida County, Appellants, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents. [609 NYS2d 493] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs, present and former County Court Judges serving in Oneida County, sought judgment declaring that the disparity in salary between plaintiffs and County Court Judges in 13 other counties of the State pursuant to Judiciary Law § 221-d violated their rights to equal protection of the laws under the Federal and State Constitutions *(see,* US Const, 14th Amend, § 1; NY Const, art I, § 11). Plaintiffs moved and defendants cross-moved for summary judgment. Supreme Court denied plaintiffs' motion, granted defendants' cross motion and dismissed the complaint.

Plaintiffs are entitled to judgment declaring that the disparity in salary between plaintiffs and County Court Judges in Erie and Monroe Counties violates plaintiffs' rights to equal protection of the laws. The duties and responsibilities of plaintiffs are equivalent to those of County Court Judges in Erie and Monroe Counties and caseloads in the three counties are comparable. Differences in the costs of living in those counties are insignificant. Further, because Oneida, Erie and Monroe Counties are located within the Fourth Department, "there exists a ' "true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations" ' " *(Davis v Rosenblatt,* 159 AD2d 163, 171, *appeal dismissed* 77 NY2d 834, *lv denied* 79 NY2d 757, *appeal dismissed* 79 NY2d 822, quoting *Weissman v Evans,* 56 NY2d 458, 463). We conclude, therefore, that defendants failed to establish that a rational basis exists for the disparity in salary between plaintiffs and County Court Judges in Erie or Monroe County *(see, Barth v Crosson,* 199 AD2d 1050; *Davis v Rosenblatt, supra,* at 171).

We reach a different conclusion with respect to plaintiffs' challenge to the disparity in salary between plaintiffs and County Court Judges in 11 other counties located within the Second and Third Departments. We agree with Supreme Court that the significantly higher cost of living in those counties, as compared to Oneida County, provides a rational basis for the geographically disparate salaries *(see, Barth v Crosson, supra; Burke v Crosson,* 191 AD2d 997, 998).

We modify the judgment, therefore, by granting summary judgment to plaintiffs on their fourth and fifth causes of action; declaring that the disparity in salary between plaintiffs and County Court Judges serving in Erie County and Monroe County viola es plaintiffs' rights to equal protection of the law; awarding plaintiffs judgment for back pay equal to the difference between their salary as County Court Judges and the salaries paid to County Court Judges in Erie and Monroe Counties, beginning either October 1, 1978 or the date of their commencement of service as County Court Judges, whichever is later, with interest at the statutory rate *(see,* CPLR 5004); directing that defendants henceforth pay to plaintiffs salaries equal to those of County Court Judges serving in Erie and Monroe Counties; and directing defendants to make payments or contributions to plaintiffs' pensions and other benefits to reflect the increase in salary. We affirm the judgment insofar as it dismissed plaintiffs' first through third and sixth through thirteenth causes of action. (Appeal from Judgment of Su-

preme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Boehm, JJ.