FOURTH DEPARTMENT, MARCH, 1995

(March 17, 1995)

■ WILLIAM J. BURKE et al., Appellants, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents. (Appeal No. 1.) [623 NYS2d 969] —Upon remittitur from the Court of Appeals, judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs, County Court Judges serving in Onondaga County, sought judgment declaring that the disparity between their salary and salaries paid to County Court Judges in 13 other counties of the State pursuant to Judiciary Law § 221-d violated their rights to equal protection of the laws under the State and Federal Constitutions (see, US Const, 14th Amend, § 1; NY Const, art I, § 11). Plaintiffs also challenged the salary disparity between Onondaga County Court Judges and a Court of Claims Judge assigned as an acting Supreme Court Justice

in Onondaga County. Plaintiffs moved for summary judgment on their complaint and defendants cross-moved for summary judgment. Plaintiffs and defendants were granted partial summary judgment *(Burke v Crosson,* 152 Misc 2d 158).

Supreme Court properly determined that distinctions in jurisdiction and authority justify the difference in salary between plaintiffs and a Judge of the Court of Claims. Thus, defendants were properly granted partial summary judgment on the seventeenth cause of action. The court also properly concluded that the significantly higher costs of living in Nassau, Suffolk and Westchester Counties provide a rational basis for the geographically disparate salaries between those counties and Onondaga County *(see, Buckley v Crosson,* 202 AD2d 972, 973; *Barth v Crosson,* 199 AD2d 1050, 1051; *Edelstein v Crosson,* 187 AD2d 694, *appeal dismissed* 81 NY2d 953, *lv denied* 82 NY2d 654; *Davis v Rosenblatt,* 159 AD2d 163, *appeal dismissed* 77 NY2d 834, *lv denied* 79 NY2d 757, *appeal dismissed* 79 NY2d 822). Thus, defendants were properly granted summary judgment on the sixth, tenth, thirteenth and seventeenth causes of action. Furthermore, the evidence supports the same conclusion with respect to the remaining Second Department Counties, and defendants are also entitled to summary judgment on the third, seventh, eighth and ninth causes of action.

The court erred in declaring that the disparity in salary between plaintiffs and County Court Judges in Albany County violates plaintiffs' rights to equal protection of the laws. The higher cost of living in Albany County, including substantially higher housing costs, provides a rational basis for the geographically disparate salaries *(see, Buckley v Crosson, supra,* at 973). We further conclude that there is a rational basis for the difference in salary between plaintiffs and County Court Judges in the remaining Third Department Counties, addressed in plaintiffs' second, eleventh and twelfth causes of action *(see, Buckley v Crosson, supra,* at 973).

Plaintiffs, however, are entitled to judgment declaring that the disparity in salary between plaintiffs and County Court Judges in Erie and Monroe Counties violates plaintiffs' rights to equal protection of the laws. The duties and responsibilities of plaintiffs are equivalent to those of County Court Judges in Erie and Monroe Counties and caseloads in the three counties are comparable. Differences in the costs of living in those counties are insignificant. Further, because Onondaga, Erie and Monroe Counties are located within the Fourth Depart-

ment, "there exists a ' "true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations" ' " *(Davis v Rosenblatt, supra,* at 171, quoting *Weissman v Evans,* 56 NY2d 458, 463). We conclude that defendants failed to establish that a rational basis exists for the disparity in salary between plaintiffs and County Court Judges in Erie or Monroe County *(see, Barth v Crosson, supra; Davis v Rosenblatt, supra,* at 171), and thus, plaintiffs are entitled to summary judgment on the fourth and fifth causes of action.

We modify the judgment, therefore, by granting summary judgment to plaintiffs on their fourth and fifth causes of action; declaring that the disparity in salary between plaintiffs and County Court Judges serving in Erie County and Monroe County violates plaintiffs' rights to equal protection of the laws; awarding plaintiffs judgment for back pay equal to the difference between their salary as County Court Judges and the salaries paid to County Court Judges in Erie and Monroe Counties, beginning either October 1, 1978 or the date of their commencement of service as County Court Judges, whichever is later, with interest at the statutory rate *(see,* CPLR 5004); directing that defendants henceforth pay to plaintiffs salaries equal to those of County Court Judges serving in Erie and Monroe Counties; and directing defendants to make payments or contributions to plaintiffs' pensions and other benefits to reflect the increase in salary. We further modify the judgment by granting summary judgment to defendants on the first, second, third, seventh, eighth, ninth, eleventh and twelfth causes of action and declaring that the disparity in salary between plaintiffs and County Court Judges serving in Albany, Clinton, Dutchess, Orange, Putnam, Rockland, Sullivan and Tompkins Counties is constitutional. We affirm the judgment insofar as it granted summary judgment to defendants on the sixth, tenth, thirteenth and seventeenth causes of action. (Remittitur from Court of Appeals—Appeal from Judgment of Supreme Court, Onondaga County, Pooler, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Callahan and Doerr, JJ. *[See,* 152 Misc 2d 158].