■ DANIEL C. WILSON, Appellant, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York

and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Respondents. [636 NYS2d 241] —Order unanimously reversed on the law with costs, motion granted, judgment granted and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff, a City Court Judge in Rome, seeks judgment declaring that the disparity between his salary and the salary paid to City Court Judges in Utica pursuant to Judiciary Law § 221-i violates his right to equal protection of the laws under the Federal and State Constitutions *(see,* US Const, 14th Amend, § 1; NY Const, art I, § 11). Plaintiff moved for partial summary judgment on his first cause of action and Supreme Court denied the motion. We reverse.

Plaintiff is entitled to judgment declaring that the disparity between his salary and the salary of City Court Judges in Utica violates plaintiff's right to equal protection of the laws. The duties and responsibilities of plaintiff are equivalent to those of City Court Judges in Utica and caseloads in the two cities are comparable. Further, because Rome and Utica are located within the Fourth Department, "there exists a ' "true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations" ' " *(Davis v Rosenblatt,* 159 AD2d 163, 171, *appeal dismissed* 77 NY2d 834 *lv denied* 79 NY2d 757, *appeal dismissed* 79 NY2d 822, quoting *Weissman v Evans,* 56 NY2d 458, 463; *see, Buckley v Crosson,* 202 AD2d 972; *Barth v Crosson,* 199 AD2d 1050). Differences in the cost of living in the two cities, which are both located in Oneida County and are virtually contiguous, are not significant *(see, Kendall v Evans,* 126 AD2d 703, 705, *affd* 72 NY2d 963).

We, therefore, grant plaintiff's motion and grant judgment in favor of plaintiff declaring that the disparity in salary between plaintiff and City Court Judges serving in Utica violates plaintiff's right to equal protection of the laws; awarding plaintiff judgment for back pay equal to the difference between his salary and the salary paid to City Court Judges in Utica, beginning October 1, 1978, with interest at the statutory rate *(see,* CPLR 5004); directing that defendants henceforth pay to plaintiff a salary equal to that of City Court Judges in Utica; and directing defendants to make payments or contributions to plaintiff's pension and other benefits to reflect the increase in salary. Because plaintiff has successfully contended that he has been denied his right to equal protection of the laws, a claim cognizable under 42 USC § 1983, the action is remitted to Supreme Court to determine the amount of counsel fees, if

any, to be awarded pursuant to 42 USC § 1988 *(see, Davis v Rosenblatt, supra,* at 173; *see also, Burke v Crosson,* 191 AD2d 998). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Judicial Salary Disparity.) Present—Green, J. P., Pine, Fallon, Callahan and Doerr, JJ.