[638 NYS2d 531]

MARY ANN KILLEEN et al., as Present or Past Judges of the Family Court of the County of Erie, et al., Appellants, v MATTHEW T. CROSSON, as Administrative Judge and Chief Administrator of the Courts of the State of New York, and as Representative of the Administrative Board of the Courts of the State of New York, et al., Respondents.

Fourth Department, February 2, 1996

APPEARANCES OF COUNSEL

*William A. Price,* Buffalo, for appellant.

*Michael Colodner,* New York City *(John Eiseman* and *John J. Sullivan* of counsel), for Matthew T. Crosson, respondent.

*Dennis C. Vacco, Attorney-General,* Albany *(Peter H. Schiff* and *Frank K. Walsh* of counsel), for Edward V. Regan and another, respondents.

OPINION OF THE COURT

BOEHM, J.

We are called upon to consider one more in a long series of cases necessitated by the failure of the Legislature to deal with judicial salary disparities since the Unified Court Budget Act (Judiciary Law § 39 [6] [L 1976, ch 966]) became effective on April 1, 1977 *(see, e.g., Cass v State of New York,* 58 NY2d 460, *rearg denied* 60 NY2d 586; *Weissman v Evans,* 56 NY2d 458; *Buckley v Crosson,* 202 AD2d 972; *Burke v Crosson,* 152 Misc 2d 158, *affd* 191 AD2d 997, *revd* 85 NY2d 10, *on remand* 213 AD2d 963; *Barth v Crosson,* 199 AD2d 1050; *Edelstein v Crosson,* 187 AD2d 694, *appeal dismissed* 81 NY2d 953, *lv denied* 82 NY2d 654; *Deutsch v Crosson,* 171 AD2d 837, *lv denied* 78 NY2d 857; *Davis v Rosenblatt,* 159 AD2d 163, *appeal dismissed* 77 NY2d 834, *lv denied* 79 NY2d 757). Here, Supreme Court granted the motion of defendant Edward V. Regan, Comptroller of the State of New York, and defendant State of New York (collectively, State) under CPLR 3211 (a) (7) dismissing plaintiffs' complaint for failure to state a cause of action. We reverse.

## I

Plaintiffs, present and former Judges of Family Court serving in Erie County, have brought this action for a judgment declaring that the disparity between their salaries and the salaries paid to Family Court Judges in 13 other counties of the State pursuant to Judiciary Law § 221-e violates their right to equal protection under the State and Federal Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 11). They also seek relief under 42 USC §§ 1983 and 1988. In the fifth cause of action, plaintiff Frank A. Sedita, Jr., seeks the same relief for his tenure in Erie County Family Court and similar relief for his first period of service in Buffalo City Court. Plaintiffs have withdrawn their claim with respect to the salary disparities in 10 counties; this appeal focuses only upon the salary disparities between Erie County and Sullivan, Putnam and

Suffolk Counties. Defendant Matthew T. Crosson, then the Administrative Judge and Chief Administrator of the Courts of the State of New York, takes the position that, as a matter of policy, the salaries of all Family Court Judges in New York should be equal, but takes no position on whether such equality is constitutionally required.

## II

■ Initially, we reject the contention of the State that stare decisis compels us to affirm the order appealed from with respect to the salary disparities in Putnam and Suffolk Counties. The application of the doctrine of stare decisis is limited to a principle of law or a settled legal issue, rather than to prior factual or legal determinations (see, Moore v City of Albany, 98 NY 396, 410; People v Bing, 76 NY2d 331, 337-338, rearg denied sub nom. People v Cawley, 76 NY2d 890). Significantly, the State does not attempt to invoke the doctrines of either collateral estoppel or res judicata. Those doctrines would be inapplicable in any event because none of the plaintiffs in the previous salary disparity cases included the Erie County Family Court Judges. Further, there has been no prior action resolving the precise issues raised in this case, specifically the cost-of-living differentials between Erie County and Sullivan, Putnam and Suffolk Counties. "[T]here must be an identity between the particular matter in the second action and that presented in the first * * * [a]nd it must be shown that this identical issue was necessarily decided in the first proceeding and is conclusive in the subsequent action" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 666).

Because there is no such identity of resolved issues here, plaintiffs were improperly deprived of the opportunity to make an appropriate record. "One of the fundamental principles of our system of justice is that every person is entitled a day in court notwithstanding that the same issue of fact may have been previously decided between strangers * * * Considerations of due process prohibit personally binding a party by the results of an action in which that party has never been afforded an opportunity to be heard [citation omitted]" (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485-486).

## III

■■ The statistical charts and financial data included in the submissions of the parties are sufficient to raise substantial issues with respect to whether there is a rational basis for the

salary disparities raised by plaintiffs. In response to the statistical evidence submitted in support of defendants' motion, plaintiffs furnished a wealth of countervailing statistical data, including comparative housing costs showing sales price comparisons, cost-of-living differentials, historical per capita income and average weekly earnings, comparative caseloads and population per Judge. In addition, the economic data submitted by defendants is assailed by plaintiffs as being without substance. Plaintiffs, in opposing defendants' motion, argued that six of defendants' seven statistical exhibits erroneously relate only to median housing values, whereas the appropriate measure is average housing values *(see, Edelstein v Crosson, supra,* at 696), and that defendants' seventh exhibit contains general data that does not adversely affect plaintiffs' position. Additionally, plaintiffs offered the testimony of two expert witnesses to analyze and explain the complex financial evidence that would be offered. Thus, plaintiffs submitted sufficient evidence to merit a hearing.

■ Further, in another case involving the judicial salary disparity of Family Court Judges in Sullivan County, we held that the evidence failed to support an award of summary judgment to either plaintiffs or defendants *(Barth v Crosson, supra,* at 1051). The Court of Appeals has expressly instructed that, with respect to judicial salary disparity issues, "[t]he correctness of the Supreme Court's determination depends, at least in part, on an analysis of the legal significance of the detailed facts set forth in the parties' submissions" *(Burke v Crosson,* 85 NY2d, *supra,* at 18-19). That analysis was not done here. The record does not show that the court considered relevant factors, such as population, caseload and cost of living *(see, Cass v State of New York, supra,* at 464).

■ In one of their affidavits, defendants sought conversion of their CPLR 3211 (a) (7) motion to one for summary judgment, and at argument plaintiffs made the same request. Although the court did not expressly do so, it, nevertheless, summarily dismissed the complaint, basing its determination upon the conclusion that there is a "significant rational basis" for the salary disparities, and that the court did not find "discrimination as a matter of law in this regard." For the reasons stated, that determination was premature. A hearing will give both parties an opportunity to address more fully the relevant financial data and to establish a comprehensive record so that the court may arrive at a reasoned judgment after a careful analysis of the evidence.

## IV

■ The court has requested that we furnish it with some guidelines. In addition to calling attention to the abundant case law that already exists with respect to this issue, we would also note that it is not necessary to limit comparative Family Court salaries to those within the Fourth Department. In the cases decided by us, we regarded the Fourth Department location of the comparable counties as merely one factor in determining whether to grant the requested adjustments to judicial salaries, not as the controlling factor *(see, Buckley v Crosson,* 202 AD2d 972, 973, *supra; Barth v Crosson,* 199 AD2d 1050, 1051, *supra).* Equal protection does not depend upon geographical boundaries, and " '[a] territorial distinction which has no rational basis will not support a state statute' " *(Weissman v Evans, supra,* at 465, quoting *Manes v Goldin,* 400 F Supp 23, 29, *affd* 423 US 1068). Further, "upon a challenge to the constitutionality of a statutorily-created judicial pay disparity among Judges of comparable courts, ' "the geographical distinctions created by the [Unified Court Budget Act] must be predicated upon a rational basis to survive an equal protection challenge" ' " *(Nicolai v Crosson,* 214 AD2d 714, 715). As plaintiffs also point out, the Legislature established judicial salaries by county rather than by judicial district or department *(see,* Judiciary Law § 221-e).

## V

Accordingly, the judgment should be reversed, defendants' motion denied and the complaint reinstated.

Lawton, J. P., Fallon, Callahan and Balio, JJ., concur.

Judgment unanimously reversed, on the law, without costs, motion denied and complaint reinstated.