■ FREDERIC T. HENRY, JR., et al., Appellants, v E. LEO MILONAS, as Chief Administrator of the Courts of State of New York and as Representative of the Administrative Board of the Judicial Conference of State of New York, et al., Respondents. [645 NYS2d 227] —Judgment unanimously reversed on the law with costs, cross motion denied, complaint reinstated, motion granted, judgment granted and matter remitted to Supreme

Court for further proceedings in accordance with the following Memorandum: Plaintiff Frederic T. Henry, Jr., the elected Ontario County Surrogate, also serves as acting County Court Judge and acting Family Court Judge in Ontario County. Plaintiff James R. Harvey, the elected Ontario County Court Judge, also serves as acting Family Court Judge and acting Surrogate in Ontario County. Plaintiffs seek judgment declaring that the disparity between their salary and the salary paid to Judges of the County, Family and Surrogate's Courts in Monroe County pursuant to sections 221-d, 221-e and 221-f of the Judiciary Law violates their right to equal protection of the laws under the Federal and State Constitutions (*see*, US Const, 14th Amend, § 1; NY Const, art I, § 11). Plaintiffs moved and defendants cross-moved for summary judgment. Supreme Court granted the cross motion and dismissed the complaint. We reverse and grant plaintiffs' motion.

Plaintiffs are entitled to judgment declaring that the disparity in salary between plaintiffs and Judges in the County, Family and Surrogate's Courts serving in Monroe County violates plaintiffs' right to equal protection of the laws. The fact that plaintiffs perform duties in all three County-level courts does not justify that disparity in salary. Although the three County-level courts are distinct in jurisdiction and function, County Court, Family Court and Surrogate's Court Judges in Monroe County receive the same salary (*see*, Judiciary Law §§ 221-d, 221-e, 221-f). Thus, the differences in salary levels set by the pertinent sections of the Judiciary Law do not rest upon the distinct duties of Judges at County-level courts. Rather, the salary disparity between plaintiffs and County Court, Family Court and Surrogate's Court Judges in Monroe County rests entirely upon geography. That geographical distinction, in our view, lacks a rational basis. The overall duties and responsibilities of plaintiffs are equivalent to those of County-level Judges in Monroe County. The combined caseloads of plaintiffs are also comparable to the caseloads of County Court, Family Court and Surrogate's Court Judges in Monroe County. Differences in the costs of living between the two counties are insignificant. Further, because Ontario and Monroe Counties are located within the Fourth Department, "there exists a ' "true unity of * * * judicial interest * * * indistinguishable by separate geographic considerations" ' " (*Davis v Rosenblatt,* 159 AD2d 163, 171, *appeal dismissed* 77 NY2d 834, *lv denied* 79 NY2d 757, *appeal dismissed* 79 NY2d 822, quoting *Weissman v Evans,* 56 NY2d 458, 463; *see, Wilson v Crosson,* 222 AD2d 1085; *Burke v Crosson,* 213 AD2d 963, 964-965; *Buckley v Crosson,* 202 AD2d 972, 973). We conclude, therefore, that defen-

dants failed to establish that a rational basis exists for the salary disparity between plaintiffs and County Court, Family Court and Surrogate's Court Judges in Monroe County.

We therefore grant plaintiffs' motion and grant judgment in favor of plaintiffs declaring that the salary disparity between plaintiffs and Judges of the County Court, Family Court and Surrogate's Court serving in Monroe County violates plaintiffs' right to equal protection of the laws; awarding plaintiffs judgment for back pay equal to the difference between their salary and the salary paid to County Court, Family Court and Surrogate's Court Judges in Monroe County, beginning on the dates of their commencement of service, with interest at the statutory rate (see, CPLR 5004); directing that defendants henceforth pay to plaintiffs a salary equal to that of County Court, Family Court and Surrogate's Court Judges in Monroe County; and directing defendants to make contributions to plaintiffs' pensions and other benefits to reflect the increase in salary. Because plaintiffs have successfully contended that they have been denied their rights to equal protection of the laws, a claim cognizable under 42 USC § 1983, the action is remitted to Supreme Court to determine the amount of counsel fees, if any, to be awarded pursuant to 42 USC § 1988 (see, *Wilson v Crosson, supra; Davis v Rosenblatt, supra,* at 173). (Appeal from Judgment of Supreme Court, Ontario County, Cornelius, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.