[649 NYS2d 266]

MICHAEL L. D'AMICO et al., Individually and on Behalf of All Present and Future Judges of Erie County Court, Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Appellants.

Fourth Department, November 8, 1996

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Peter H. Schiff* and *Frank K. Walsh* of counsel), for appellants.

*Michael Colodner,* New York City *(John Eiseman* and *John J. Sullivan* of counsel), for Matthew T. Crosson, appellant.

· *Connors & Vilardo, L. L. P.,* Buffalo *(Terrence M. Connors* of counsel), for respondents.

## OPINION OF THE COURT

GREEN, J. P.

This case presents the latest in a long series of equal protection challenges to the geographical distinctions in judicial salaries created by the Unified Court Budget Act (Judiciary Law § 39 [6]) and set forth in article 7-B of the Judiciary Law (*see, Cass v State of New York,* 58 NY2d 460, *rearg denied* 60 NY2d 586; *Weissman v Evans,* 56 NY2d 458; *Henry v Milonas,* 229 AD2d 921; *Dickinson v Crosson,* 219 AD2d 50; *Killeen v Crosson,* 218 AD2d 217; *Wilson v Crosson,* 222 AD2d 1085; *Nicolai v Crosson,* 214 AD2d 714, *appeal dismissed* 87 NY2d 896, 88 NY2d 867; *Burke v Crosson,* 152 Misc 2d 158, *affd* 191 AD2d 997, *revd* 85 NY2d 10, *on remand* 213 AD2d 963; *Stanger v Crosson,* 207 AD2d 878; *Buckley v Crosson,* 202 AD2d 972; *Mackston v State of New York,* 200 AD2d 717, *appeal dismissed* 83 NY2d 905, *lv denied* 84 NY2d 803; *Vogt v Crosson,* 199 AD2d 722; *Edelstein v Crosson,* 187 AD2d 694, *appeal dismissed* 81 NY2d 953, *lv denied* 82 NY2d 654; *Deutsch v Crosson,* 171 AD2d 837, *lv denied* 78 NY2d 857; *Davis v Rosenblatt,* 159 AD2d 163, *appeal dismissed* 77 NY2d 834, *lv denied* 79 NY2d 757; *Weissman v Bellacosa,* 129 AD2d 189; *Kendall v Evans,* 126 AD2d 703, *affd* 72 NY2d 963; *Mackston v State of New York,* 126 AD2d 710; *Matter of Marthen v Evans,* 83 AD2d 415). Plaintiffs, six present and former Judges of Erie County Court, seek declaratory, injunctive and monetary relief to eliminate the disparity between their salaries and salaries paid to County Court Judges in seven other counties pursuant to Judiciary Law § 221-d. Defendants McCall and State of New York moved to dismiss the complaint and plaintiffs cross-moved for partial summary judgment on the causes of action seeking parity with County Court Judges in Albany, Sullivan and Onondaga Counties.[1] Defendant Crosson adopts the position taken

---

1. Under Judiciary Law § 221-d, County Court Judges in Onondaga County receive a lower salary than plaintiffs. At the time the instant action

by successive Chief Administrative Judges that, as a matter of public policy, the salaries of all Judges of coordinate jurisdiction should be equal (*see, Weissman v Evans, supra*, at 463; *Davis v Rosenblatt, supra*, at 169-170; *Weissman v Bellacosa, supra*, at 191-192; *Kendall v Evans, supra*, at 704).

Supreme Court denied defendants' motion and granted plaintiffs' cross motion in part, declaring that the disparity in salary between plaintiffs and Judges of Albany County Court violates plaintiffs' right to equal protection of the laws.[2] The court also awarded injunctive and monetary relief to remedy that disparity. We affirm.

In order to survive an equal protection challenge, the geographical distinctions set forth in the Judiciary Law must have a rational basis (*see, Killeen v Crosson, supra*, at 222; *Nicolai v Crosson, supra*, at 715; *Kendall v Evans, supra*, at 704). The test of rationality is satisfied and the legislation will be sustained as long as "the classification created by the statute is rationally related to a legitimate State interest" (*Davis v Rosenblatt, supra*, at 170). Thus, the geographical classifications set forth in Judiciary Law § 221-d will be upheld if there is " 'some ground of difference having a fair and substantial relation' " to the governmental objective purportedly advanced by those classifications (*Reed v Reed*, 404 US 71, 76; *see, Weissman v Evans, supra; Henry v Milonas, supra; Wilson v Crosson, supra*). The dispositive question is whether "disparities in population, caseload, and cost of living" are sufficient to warrant disparate financial treatment of Judges serving in different parts of the State (*Cass v State of New York, supra*, at 464; *see, Stanger v Crosson, supra; Mackston v State of New York*, 200 AD2d 717, *supra; Edelstein v Crosson, supra*).

---

was commenced, however, Onondaga County Court Judges had prevailed in their action seeking the same salary as their counterparts in Albany County (*Burke v Crosson*, 152 Misc 2d 158, *affd* 191 AD2d 997, *revd* 85 NY2d 10, *supra*). Upon remand from the Court of Appeals, this Court reversed that part of the judgment declaring that the salary disparity between County Court Judges in Onondaga and Albany Counties violates the equal protection guarantees of the State and Federal Constitutions (*Burke v Crosson*, 213 AD2d 963, *supra*). As a result of that decision, Onondaga County Court Judges receive salaries equal to plaintiffs'.

2. Because the salary of County Court Judges in Albany County is higher than the salary of County Court Judges in Sullivan and Onondaga Counties, the favorable decision on plaintiffs' second (Albany County) cause of action rendered the motion seeking partial summary judgment on the fifth (Sullivan County) and seventh (Onondaga County) causes of action academic.

In the instant case, it is not contested that the population in Erie County is over three times larger than the population in Albany County. Further, the record contains no evidence of any substantial difference in caseload between County Court Judges in the two counties. The only significant factual dispute between the parties involves the relative costs of living in Albany and Erie Counties.

In support of their motion to dismiss and in opposition to plaintiffs' cross motion, defendants submitted statistics showing that, between 1987 and 1991, median housing prices in Albany County were higher than in Erie County. Relying upon our decisions upholding judicial salary disparities on the basis of "substantially higher housing costs" (*Burke v Crosson*, 213 AD2d 963, 964, *supra; see, Buckley v Crosson, supra*), defendants contend that their statistics are sufficient to defeat plaintiffs' challenge to the pay disparity between Erie and Albany Counties. We disagree.

In the instant case, unlike *Burke* and *Buckley*, plaintiffs countered median housing cost statistics with expert opinion that, in the counties at issue, median home sale prices are less reliable indicators of actual housing costs than mean (average) home sale prices. Indeed, it is not uncommon for average housing costs to be used in comparing costs of living in judicial salary disparity cases (*see, Mackston v State of New York*, 200 AD2d, *supra*, at 718; *Edelstein v Crosson, supra*, at 696; *Weissman v Bellacosa, supra*, at 195-196). Plaintiffs also submitted data establishing that average housing costs were higher in Buffalo than in Albany for all but two years of the period from 1976 to 1989. Defendants submitted nothing in response to plaintiffs' evidence that actual housing costs in Erie County are higher than in Albany County.

Moreover, the record supports plaintiffs' position that the totality of economic indicators for the two counties provides a more accurate picture of over-all cost of living than housing statistics alone (*see, Weissman v Bellacosa, supra*, at 196). A comparison of the broader economic data for the two counties reveals no significant differences in cost of living. The Consumer Price Indexes for Buffalo/Niagara Falls and Albany/Schenectady/Troy are nearly equal. Data compiled by the American Chamber of Commerce Research Association indicates that the cost of living is slightly higher in Buffalo than in Albany. In addition, plaintiffs buttressed that general cost of living data with proof that the geographically based per diem travel expense reimbursement rates established by the Chief

Administrator of the Courts are the same for Albany and Erie Counties.

Supreme Court properly determined, based upon the evidence presented, that there was no rational basis for the disparate financial treatment of County Court Judges in Erie and Albany Counties and no legitimate State objective served by maintaining the challenged geographical distinction.

Accordingly, the judgment should be affirmed.

PINE, WESLEY, DAVIS and BOEHM, JJ., concur.

Judgment unanimously affirmed, with costs.