■ CULVER K. BARR et al., Appellants, v MATTHEW T. CROSSON, as Chief Administrator of Courts of State of New York and as Representative of Administrative Board of Judicial Conference of State of New York, et al., Respondents. [653 NYS2d 756] —Order and judgment unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Plaintiffs, present and former Judges serving in Monroe County, challenge the disparity between their salaries and salaries paid to County Court Judges in Albany County pursuant to Judiciary Law § 221-d. Plaintiffs contend that the distinction in financial treatment between them and Albany County Court Judges under that statute violates their right to equal protection of the laws under the Federal and State Constitutions (US Const, 14th Amend, § 1; NY Const, art I, § 11). We agree.

In reviewing plaintiffs' equal protection challenge to the geographical distinction between Judges of coordinate jurisdiction, "[t]he dispositive question is whether 'disparities in population, caseload, and cost of living' are sufficient to warrant disparate financial treatment of Judges serving in different parts of the State" (*D'Amico v Crosson*, 226 AD2d 34, 36, quoting *Cass v State of New York*, 58 NY2d 460, 464, *rearg denied* 60 NY2d 586). The population in Monroe County is more than double that of Albany County and there is no substantial difference in caseload between County Court Judges serving in the two counties. Further, although median housing prices in Albany County are higher than in Monroe County, a comparison of the totality of economic indicators for the two counties "reveals no significant differences in cost of living" (*D'Amico v Crosson, supra,* at 37; *see, Weissman v Bellacosa*, 129 AD2d 189, 196). We conclude, therefore, that there is no rational basis for the disparity in salary between plaintiffs and County Court Judges serving in Albany County. We modify the order and judgment by granting summary judgment to plaintiffs on the first cause of action, declaring that the disparity in salary between plaintiffs and County Court Judges serving in Albany County violates plaintiffs' right to equal protection of the laws, awarding plaintiffs judgment for back pay equal to Albany County Court Judges, beginning from either October 1, 1978 or the dates of their commencement of service as County Court Judges in Monroe County, whichever is later, with interest at the statutory rate (*see,* CPLR 5004); directing that defendants henceforth pay to plaintiffs salaries equal to those of County Court Judges serving in Albany County; and directing defendants to make payments or contributions to plaintiffs' pensions and other benefits to reflect the increase in salary.

Plaintiffs have not addressed in their brief those parts of the order and judgment dismissing the claims of plaintiffs Barr, Maas and Mark as time-barred, declaring that there exists a rational basis for the salary disparities between plaintiffs and County Court Judges serving in Nassau, Putnam, Suffolk and Westchester Counties, and granting summary judgment to defendants dismissing the causes of action challenging the disparities in salary between plaintiffs and County Court Judges serving in those counties in the Second Department. Plaintiffs therefore have abandoned any challenge to those parts of the order and judgment (*see, Matter of Calm Lake Dev. v Town Bd.*, 213 AD2d 979; *Ciesinski v Town of Aurora*, 202 AD2d 984). (Appeal from Order and Judgment of Supreme Court, Monroe County, Kehoe, J.—Summary Judgment.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.