OPINION OF THE COURT
L. Paul Kehoe, J.
Plaintiffs are present and former County Court Judges serving in Monroe County. The Appellate Division, Fourth Department, has held that defendants’ failure to pay plaintiffs a salary commensurate with the salaries received by County Court Judges in Albany County violated plaintiffs’ rights to equal protection of the laws under the Federal and State Constitutions (Barr v Crosson, 236 AD2d 875 [4th Dept 1997]). Plaintiffs were awarded back pay equal to the salary of Albany County Judges “beginning from either October 1, 1978 or the dates of their commencement of service as County Court Judges in Monroe County, whichever is later, with interest at the statutory rate (see, CPLR 5004)” (at 876).
Plaintiffs now seek an award of prejudgment interest on the amounts due from the dates of accrual of their various claims (see, CPLR 5001). Defendants oppose this request. The language used by the Fourth Department and cited above is the same language which that Court used in several other of the so-called “pay parity cases” (see, Henry v Milonas, 229 AD2d 921, 923 [4th Dept 1996]; Burke v Crosson, 213 AD2d 963, 965 [4th Dept 1995]; Barth v Crosson, 199 AD2d 1050, 1051 [4th Dept 1993]). In Barth, the Appellate Division affirmed a lower court decision that awarded postjudgment interest only but there is no discussion in the decision which would indicate that the issue of prejudgment interest was considered. The Barth memorandum decision also decided Pomilio v Crosson (199 AD2d 1052 [4th Dept 1993]) by reversing a decision in Supreme Court, Oneida County, which had found a rational basis for the salary discrepancy at issue in that case. In reversing Supreme Court and granting judgment to the Pomilio plaintiffs, the Appellate Division granted back pay “with interest at the statutory rate (see, CPLR 5004)” (at 1051). Henry and Burke, like Pomilio, reversed Supreme Court decisions which had found a rational basis for the pay disparity at issue. In reversing the Supreme Court decisions in those cases, the Appellate Division granted summary judgment declaring that the salary disparity in issue violated plaintiffs’ right to equal protection of the laws and granted judgment for back pay equal to the difference between their salary and the salary paid to Judges in the comparator county “with interest at the statu *867 tory rate (see, CPLR 5004)” (Henry v Milonas, at 923; Burke v Crosson, at 965). While Pomilio, Henry, and Burke all grant plaintiffs judgment for back pay with interest, none of them specify whether the interest intended is postdecision interest or predecision interest. I find that plaintiffs are entitled to prejudgment interest for the reasons herein stated.
Initially, the language of the Appellate Division decision creates an inference that prejudgment interest was intended. No specification of postdecision interest is necessary because post-decision and postjudgment interest are mandatory by statute (see, CPLR 5002, 5003). It is likely, therefore, that the Court in each of the Pomilio, Henry and Burke cases (supra) by specifying “with interest” intended that interest run from the dates that the payments came due. This court’s determination need not, however, rest upon that inference alone.
CPLR 5001 (a) provides that “Interest shall be recovered upon a sum awarded because of a breach of performance of a contract”. An award of interest is “simply the cost of having the use of another person’s money for a specified period * * * It is intended to indemnify successful plaintiffs Tor the nonpayment of what is due them’ [, it] is not meant to punish defendants” (Love v State of New York, 78 NY2d 540, 544 [1991]; see also, Selinger v Selinger, 232 AD2d 471 [2d Dept 1996]). Courts have awarded prejudgment interest on amounts due for services rendered (Morse/Diesel, Inc. v Trinity Indus., 875 F Supp 165 [1994]); for amounts due on an improperly withheld accounting (Aurnou v Greenspan, 161 AD2d 438 [1st Dept 1990]); on money held by a law firm which was owed to a client (Yalango v Popp, 232 AD2d 844 [3d Dept 1996]); and on an amount awarded on a quantum meruit recovery of attorney’s fees (Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877 [3d Dept 1997]).
The employee-employer relationship is contractual in nature. The relationship gives rise to mutual obligations to be performed by the employer and employee. Those obligations include the duty of the employee to provide his/her labor and the corresponding duty on the part of the employer to pay for that labor. The amount of the compensation may be fixed by written or oral express contract; by a contract implied by law giving rise to a claim in quantum meruit; or, as here, by operation of law. Plaintiffs’ claims are for payment of the salaries they were entitled to receive for the labor they performed pursuant to their employment contract with defendant. Conse *868 quently, they are entitled to prejudgment interest under CPLR 5001.
In opposing plaintiffs’ request for prejudgment interest, defendants cite two pay parity cases in which prejudgment interest was denied (Davis v Rosenblatt, 159 AD2d 163, 173 [3d Dept 1990]; Deutsch v Crosson, 171 AD2d 837, 839 [2d Dept 1991]). In denying prejudgment interest the Davis Court adopted the decision in Matter of Gordon v Board of Educ. (52 Misc 2d 175 [Sup Ct, Kings County 1966]). In reaching its decision to deny prejudgment interest the Deutsch Court simply cites the holding in Davis. Consequently, the Davis and Deutsch decisions both rely upon the rationale of Gordon. This court notes that the holding in Gordon is contrary to the holding in Matter of Kohler v Board of Educ. (142 AD2d 676 [2d Dept 1988]) in which the Court awarded prejudgment interest on a fact pattern similar to that in Gordon. The Kohler decision on prejudgment interest has been followed in a number of cases (see, e.g., Matter of Marconi v Board of Educ., 215 AD2d 659 [2d Dept 1995]; Matter of Della Vecchia v Town of N. Hempstead, 207 AD2d 483 [2d Dept 1994]). Additionally, the Gordon rationale turns on the nature of the relief that court found to be available in a CPLR article 78 proceeding. In denying prejudgment interest the Gordon court states “Petitioner had no cause of action for back pay independent of his article 78 proceeding and could not maintain any action therefor until he had proved his right to reinstatement” (52 Misc 2d, at 177). Contrary to the holding in Gordon, the plaintiffs here do have a cause of action for back pay and they have prevailed on that cause of action. Here also, plaintiffs are being compensated for services performed as opposed to Gordon where the plaintiff was granted pay for a period of time during which he was suspended. It was successfully argued in Gordon that plaintiffs entitlement to back pay did not arise until he obtained judgment. Even if that argument were sound it would not apply here. Here, plaintiffs’ rights to increased compensation arose not from the Appellate Division’s decision but from the State and Federal Constitutions. This is not a situation where the court has created an equitable resolution from a menu of optional remedies. Rather, the decision encompasses the court’s recognition and enforcement of plaintiffs’ specific claims to equal compensation which have existed since the various pay periods for which they were paid less than the State and Federal Constitutions require.
Plaintiffs have been paid biweekly during the periods of employment at issue here. Their damages occurred on each of *869 the various pay days on which they were underpaid. Calculation of interest on each biweekly underpayment would require 26 separate computations each year and would be unnecessarily burdensome. The court has discretion to grant interest upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date (CPLR 5001 [b]). The selection of a single intermediate date for prejudgment interest is not appropriate because of the wide variety of dates of service of plaintiffs. In order to fashion a reasonable procedure the court holds that for purposes of calculation of interest the plaintiffs’ claims arose at the end of each year during which they were underpaid. Interest on payments due for 1978 shall accrue from January 1, 1979, and for each succeeding calendar year from January 1 of the following year.