■ CULVER K. BARR et al., Respondents, v MATTHEW T. CROSSON, as Chief Administrator of the Courts of the State of New York, and as Representative of the Administrative Board of the Judicial Conference of the State of New York, et al., Ap-

pellants. [695 NYS2d 161] —Carpinello, J. Appeal (transferred to this Court by order of the Appellate Division, Fourth Department) from an order of the Supreme Court (Kehoe, J.), entered May 26, 1998 in Monroe County, which, *inter alia*, granted plaintiffs' motion for payment of prejudgment interest on their award of back pay.

Upon a prior appeal in this case, the Fourth Department found that the salary disparity between plaintiffs, current and former County Judges in Monroe County, and their judicial counterparts in Albany County violated plaintiffs' right to equal protection of the laws (*see, Barr v Crosson*, 236 AD2d 875). Accordingly, as to those plaintiffs whose claims were not time barred, a judgment for back pay was awarded (*see, id.*, at 876). The sole issue before this Court is whether Supreme Court (175 Misc 2d 865) erred in applying prejudgment interest to this judgment pursuant to CPLR 5001 (a).

In *Davis v Rosenblatt* (159 AD2d 163, 173, *appeal dismissed* 77 NY2d 834, 79 NY2d 822, *lv denied* 79 NY2d 757), a case factually identical to the instant action, this Court held that back pay awards in judicial salary disparity actions "should not include prejudgment interest pursuant to CPLR 5001 (a)". The Second Department has similarly held (*see, Deutsch v Crosson*, 171 AD2d 837, *lv denied* 78 NY2d 857). Since plaintiffs have advanced no persuasive argument or authority as to why this Court should reject its own precedent, we reverse Supreme Court's order and reiterate that prejudgment interest should not be calculated on back pay judgments in judicial salary disparity actions.

We are compelled to comment briefly on the primary basis upon which Supreme Court ordered prejudgment interest in this case, namely, its contention that the relationship between the parties was contractual. The court found that "[p]laintiffs' claims are for payment of the salaries they were entitled to receive for the labor they performed pursuant to their employment contract with defendant[s]. Consequently, they are entitled to prejudgment interest under CPLR 5001" (175 Misc 2d 865, 867-868, *supra*). The salaries paid to Judges in this State are not contractual rights; rather, they are creatures of statute—Judiciary Law § 221-e (*see, e.g., Cook v City of Binghamton*, 48 NY2d 323, 330 [legislative acts fixing salaries and compensation are not presumed to create a contract]; *Matter of Bookhout v Levitt*, 43 NY2d 612, 618 [office of municipality whose salary is fixed by law is entitled to that salary as an incident of office and *not* as a contractual right of employment]). This being the case, and because plaintiffs were therefore not

awarded damages for breach of contract (indeed no such cause of action was even asserted), the award of prejudgment interest based upon breach of the parties' "employment contract" was in error.

Finally, in light of the United States Supreme Court's decision in *Will v Michigan Dept. of State Police* (491 US 58), we are unpersuaded by plaintiffs' claim that they are entitled to prejudgment interest from defendants—i.e., the State of New York itself and two individuals sued in their official State capacity—pursuant to Federal decisional authority (*see, e.g., Gierlinger v Gleason*, 160 F3d 858; *Miner v City of Glens Falls*, 999 F2d 655) in which such interest has been awarded in back pay cases brought pursuant to 42 USC § 1983.

Plaintiffs' remaining contentions have been reviewed and rejected as unpersuasive.

Mikoll, J. P., Mercure, Peters and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied. [*See,* 175 Misc 2d 865.]