OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue on appeal is whether this latest challenged judicial salary disparity survives equal protection constitutional scrutiny. We hold that it does.
 

 In March 1991, plaintiffs, current and former Monroe County Court Judges, commenced this action in Supreme Court, Monroe County, seeking a declaratory judgment and ancillary injunctive and monetary relief against defendants the State of New York, Matthew T. Crosson, then Chief Administrator of the Courts of the State of New York, and Edward Regan, then Comptroller of the State of New York. Plaintiffs alleged that defendants violated their right to equal protection of the laws under the State and Federal Constitutions by causing them, pursuant to Judiciary Law § 221-d, to be paid less ($86,000) than their counterpart Judges in five other counties: Albany ($90,000), Nassau ($95,000), Putnam ($90,000), Suffolk ($95,000) and Westchester ($94,000). Plaintiffs claimed that their jurisdiction, practices, procedures and work load are identical to their counterpart Judges in Albany County. Plaintiffs further alleged that the cost of living between Monroe and Albany Counties is substantially similar and, thus, no rational basis exists to support the salary disparity.
 

 Following joinder of issue, plaintiffs moved for summary judgment. Defendant Chief Administrator did not oppose the motion and took the standard position of that Office that, as a matter of policy only, the salaries of all County Court Judges should be equal. The Chief Administrative Judge took “no position on whether the Constitution compels that these salaries be equal.” Defendants Comptroller and the State opposed the motion and cross-moved for summary judgment dismissing the complaint.
 

 On December 30, 1994, Supreme Court (1) dismissed the claims of three plaintiffs (Barr, Maas and Mark) as time-
 
 *168
 
 barred, (2) granted plaintiffs summary judgment on their first and eighth causes of action insofar as related to pay discrepancies between Judges in Monroe and Albany Counties only, (3) granted defendants’ cross motion dismissing the remaining (second through seventh) causes of action, (4) awarded plaintiffs back pay retroactive to October 1, 1978 (or the first date of judicial service if commenced after that date) based on the salary of Albany County Court Judges and (5) ordered defendants to henceforth pay plaintiffs remaining on the Monroe County Bench salaries equal to their counterpart Judges in Albany County.
 

 On May 11, 1995, on the basis of this Court’s February 1995 decision in
 
 Burke v Crosson
 
 (85 NY2d 10,
 
 revg
 
 191 AD2d 997), defendants Comptroller and the State moved for reargument. Supreme Court granted reargument and, upon reargument, granted defendants’ motion for summary judgment dismissing the complaint in its entirety, concluding that a rational basis existed to support the disparity in salary between the Monroe and Albany County Court Judges. Supreme Court reasoned that a true unity of judicial interest could not logically exist between Monroe and Albany Counties because the Appellate Division on remand in
 
 Burke (see,
 
 213 AD2d 963,
 
 on remand from
 
 85 NY2d 10) had previously concluded that (1) the cost of living in Albany County is sufficiently higher than that in Onondaga County, providing a rational basis for disparate salaries between those two counties, and (2) a true unity of interest exists between Onondaga, Erie and Monroe Counties. Plaintiffs appealed.
 

 On February 7, 1997, the Appellate Division, Fourth Department, held that, upon viewing the “totality of economic indicators” for the two counties, no rational basis existed to support the challenged pay disparity (236 AD2d 875, 876). It modified the order by (1) granting plaintiffs summary judgment on their first cause of action, (2) declaring unconstitutional the salary disparity between Monroe and Albany County Court Judges, (3) awarding plaintiffs judgment for back pay with interest at the statutory rate, pursuant to CPLR 5004 and (4) directing defendants to henceforth pay those plaintiffs then sitting on the Monroe County Bench salaries equal to their counterpart Judges in Albany County. As modified, the Appellate Division affirmed.
 

 Thereafter, plaintiffs moved in Supreme Court for prejudgment interest on their back pay award, pursuant to CPLR 5001. On February 4, 1998, Supreme Court granted plaintiffs
 
 *169
 
 the relief requested (175 Misc 2d 865). Supreme Court also determined that plaintiffs were entitled to an award for reasonable attorneys’ fees.
 

 On July 22,1999, the Appellate Division, Third Department,
 
 [1]
 
 unanimously reversed, on the law, and denied plaintiffs’ motion for prejudgment interest (263 AD2d 798).
 
 [2]
 
 We granted defendants’ motion for leave to appeal from the Appellate Division, Third Department, order, thus bringing up for review the prior nonfinal order of the Fourth Department, holding the present salary disparity unconstitutional. We also granted plaintiffs’ cross motion for leave to appeal from the same order of the Third Department, whereby plaintiffs challenge that court’s denial of prejudgment interest on their back pay award.
 
 [3]
 
 We now reverse and hold that the challenged salary disparity does not violate equal protection principles because a rational basis exists for the disparate salary schedules.
 

 Defendants argue that the Appellate Division’s determination here that the judicial salary disparity between Monroe and Albany Counties is unconstitutional cannot stand because it is in direct conflict with our recent decision in
 
 D’Amico v Crosson
 
 (93 NY2d 29,
 
 revg
 
 226 AD2d 34). Specifically, defendants point out that the Appellate Division’s decision in this case is based on that Court’s application of the “totality of economic indicators” test, a test expressly rejected by this Court in
 
 D’Amico (see, id.,
 
 at 32). Defendants further contend that sufficient record evidence of reliable statistics indicating a rational economic basis for the disparate salaries exists here to support the geographical pay differential. We agree.
 

 This Court has required comparable salaries for Judges of coordinate jurisdiction particularly where contiguous areas constitute a “true unity of judicial interest”
 
 (Weissman v Evans,
 
 56 NY2d 458, 463 [no rational basis for pay disparity between District Court Judges in contiguous Nassau and Suffolk Counties];
 
 see, Kendall v Evans,
 
 126 AD2d 703,
 
 affd
 
 72 NY2d 963 [no rational basis for pay disparity between different City Court Judges within Westchester County]).
 

 
 *170
 
 Recently, in
 
 D’Amico v Crosson
 
 (93 NY2d 29, 32,
 
 supra),
 
 we rejected the “totality of economic indicators” test applied here by the Appellate Division as contrary to the essential governing rational basis test and our holding in
 
 Henry v Milonas
 
 (91 NY2d 264). In
 
 D'Amico,
 
 we held that facts indicating nearly 50% higher median home values in Albany County than in Erie County, and data showing that Albany County Court Judges had larger caseloads per Judge than Erie County Court Judges, were sufficient, as a matter of law, to constitute a rational basis to support the challenged judicial salary disparity. In
 
 Henry v Milonas
 
 (91 NY2d 264,
 
 supra),
 
 also a judicial salary disparity case, we similarly applied rational basis scrutiny to the plaintiff Judges’ equal protection challenge and concluded that economic differentials in median home values and per capita income can “alone provide a rational basis for a salary disparity”
 
 (id.,
 
 at 269).
 

 Here, under the weight of our pronouncements in
 
 DAmico
 
 and
 
 Henry,
 
 both of which we note were decided subsequent to the Appellate Division’s ruling in this case, a rational basis exists to support the challenged salary disparity. As in
 
 DAmico
 
 and
 
 Henry,
 
 defendants here submitted data from the 1993 New York State Statistical Yearbook (18th rev ed) which indicates that the median home value was over 34% higher in Albany County than in Monroe County during the period at issue. In some years it appears to have been nearly 50% higher. Data contained in plaintiffs’ own complaint also establishes that, between 1985 and 1989, Albany County Court handled 46% more filings and 45% more dispositions per Judge than Monroe County Court. These workload and economic differences provide a rational basis for the less than 5% pay differential challenged in this case. Plaintiffs have therefore failed to satisfy their “heavy burden of proving that there is no reasonably conceivable state of facts which rationally supports the distinction”
 
 (D’Amico v Crosson,
 
 93 NY2d,
 
 supra,
 
 at 32;
 
 Henry v Milonas,
 
 91 NY2d,
 
 supra,
 
 at 268;
 
 Maresca v Cuomo,
 
 64 NY2d 242, 250).
 

 The foregoing analysis and determination of defendants’ appeal renders academic the subsumed cross appeal by plaintiffs in this case. Under the circumstances, we have no reason to address or resolve the Third Department’s denial of prejudgment interest on the now dismissed back pay award. The prejudgment interest question and the retroactivity date present issues of independent and considerable policy, fiscal and legal dimension and must await a suitable case.
 

 
 *171
 
 Accordingly, the order of the Appellate Division should be reversed, without costs, plaintiffs’ motion for summary judgment denied, defendants’ motion for summary judgment granted and judgment granted declaring the subject salary disparity constitutional, which in effect subsumes and eliminates the counsel fee award as well.
 

 Judges Bellacosa, Levine, Ciparick and Rosenblatt concur; Chief Judge Kaye and Judge Wesley taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . The appeal was transferred from the Fourth Department to the Third Department because plaintiff Donald J. Wisner is now an Associate Justice of the Appellate Division, Fourth Department.
 

 [2]
 

 . Prior to the determination of the appeal regarding prejudgment interest, the issue of attorneys’ fees was resolved by a separate Supreme Court order.
 

 [3]
 

 . Defendant Chief Administrator was similarly granted leave to appeal (94 NY2d 754).