(October 20, 2003)

■ In the Matter of RANDI WEINGARTEN et al., Respondents, v VICTOR ROBLES et al., Appellants. [766 NYS2d 417] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered October 3, 2003, which, to the extent appealed from as limited by the briefs, granted petitioners' application pursuant to Election Law § 16-116 to the extent of declaring Municipal Home Rule Law § 36 (5) (e) unconstitutional as applied against them, directed that respondent Clerk of the City of New York certify their proposed Question 6 for placement on the ballot for the November 4, 2003 election, and denied respondents' cross motion to dismiss the petition, unanimously reversed, on the law, without costs, the cross motion granted and the petition dismissed.

On August 18, 2003, petitioners submitted to respondent City Clerk a voter-initiated petition that proposed to submit to the electorate at the general election, scheduled for November 4, 2003, a local law that would create a charter commission to examine, in part, the City Charter relating to class size in the public schools. It is undisputed that the subject petition contained substantially more than the required number of signatures and otherwise complied with all of the statutory mandates. However, when an already-existing New York City Charter Revision Commission that had been appointed by the Mayor thereafter presented its own proposed amendments to the City Charter, the City Clerk refused to certify the voter-initiated petition on the ground that since the ballot now included proposals by a mayoral charter revision commission, Question 6 had to be "bumped" or removed from the ballot under Municipal Home Rule Law § 36 (5) (e).

Petitioners then commenced the instant proceeding pursuant to Election Law § 16-116, challenging the determination by the City Clerk. The motion court thereupon declared Municipal Home Rule Law § 36 (5) (e) unconstitutional as applied to petitioners and directed the City Clerk to certify their Question 6 for placement on the ballot for the November 4, 2003 election, concluding that while the City Clerk's refusal to certify petitioners' proposal for placement on the ballot had been in conformity with state law, Municipal Home Rule Law § 36 (5) (e) constituted an infringement upon petitioners' rights under the First and Fourteenth Amendments of the United States Constitution. We reverse.

As this Court previously observed in *Council of City of N.Y. v Giuliani* (248 AD2d 1, 3 [1998], *appeal dismissed, lv denied* 92 NY2d 938 [1998]), "[u]nder Municipal Home Rule Law § 36 (5) (e), the placement on the ballot of a validly derived proposal initiated by a Charter Revision Commission will 'bump' any other referendum off the ballot, so that the voters can give their full attention to the important task of reviewing the City Charter." In arriving at its determination, the motion court misconstrued various decisions by the United States Supreme Court (*see Buckley v American Constitutional Law Found., Inc.*, 525 US 182 [1999]; *Meyer v Grant*, 486 US 414 [1988]; *Anderson v Celebrezze*, 460 US 780 [1983]) and improperly subjected the foregoing statute to strict scrutiny when, instead, it should have applied the rationality test. In that regard, states that permit ballot initiatives have considerable leeway to protect the integrity and reliability of the process, and their actions may only be curtailed when they imposes restrictions

that significantly inhibit communication with voters (*see Buckley v American Constitutional Law Found., Inc., supra* at 191-192). Municipal Home Rule Law § 36 (5) (e) does not do so since it involves the technical requirements of ballot access.

Indeed, the Supreme Court has pointed out that "to subject every voting regulation to strict scrutiny and to require that the regulation be narrowly tailored to advance a compelling state interest * * * would tie the hands of States seeking to assure that elections are operated equitably and efficiently," and "the rigorousness of our inquiry into the propriety of a state election law depends upon the extent to which a challenged regulation burdens First and Fourteenth Amendment rights" (*Burdick v Takushi*, 504 US 428, 433, 434 [1992]). Clearly, petitioners have not satisfied their heavy burden of establishing that an enactment of the Legislature, which is presumed to be valid, is unconstitutional (*see People v Foley*, 94 NY2d 668, 677 [2000], *cert denied* 531 US 875 [2000]) or that Municipal Home Rule Law § 36 (5) (e), which simply creates a ballot hierarchy for referenda involving local legislation, lacks any rational basis (*see Barr v Crosson*, 95 NY2d 164, 170 [2000]). Concur—Nardelli, J.P., Mazzarelli, Andrias, Sullivan and Lerner, JJ.